## MELVILLE WILLIAMS *v.* ENSLEY WILLIAMS, *et al.*

1. WILL. *Construction. Code,* §§2008-9. A devise of land to the testator's grandson during life, and then to the heirs of his body by a legal marriage, and, in the event of his death without such heirs, to the testator's residuary legatee, gives the grandson an estate for life, with a contingent remainder in fee, under the Code, §2008, to such persons as, at his death, might answer the description of heirs of his body, and, if he left no heirs of his body then living, in fee, by way of executory devise, under the Code, §2009, to the residuary legatee, and a conveyance by the residuary legatee of this interest to the grandson, would vest the latter with the fee subject to the contingent remainder in fee to the heirs of his body living at his death.

2. SALE OF PROPERTY OF PERSONS UNDER DISABILITY. Property thus held may be sold, under the provisions of the Code, by decree of this Court, upon proper application, if manifestly for the interest of the infant heirs of the body of the grandson living at the time, the grandson being a party and consenting; and such sale is manifestly for their interest where they are entirely dependent upon the income of the father for their support, maintenance, and education, and the income of the property is scarcely sufficient to pay taxes and repairs, and the father has no means to improve the property.

Case cited: Melville Williams *v.* Ensley Williams, MSS., Jackson, April Term, 1873. See Cooper's Tenn. Chancery Reports, Vol. 1, pages 298 and 306.

Code cited: §§2008-9, 3326-7, and 3337.

Statutes cited: Act of 1851.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court. W. F. COOPER, Chancellor.

A. G. MERRITT for Melville Williams, *et al.*

W. D. COVINGTON for Ensley Williams, *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

In 1866, Enoch Ensley died in Davidson County, Tenn., having made his will, which was duly proven and recorded in the County Court of said County. By the second clause in. his will testator devised as follows:

"I will and devise to my grandson, Melville Williams, during his life, and then to the heirs of his body by a legal marriage, and in the event of his death without such heirs, then to my residuary legatee and his heirs, fifty thousand dollars worth of property, to be selected and valued out of my estate by three respectable and disinterested citizens, to be appointed by the Chairman or Judge of the County Court of this County, and approved by Enoch Ensley, Jr.," etc. The selection of the $50,000 worth of property has been made and approved by Enoch Ensley, Jr., who is the residuary legatee named in the will, and who has released and conveyed to Melville Williams all his interest under the will. Melville Williams has been legally married, and now has two children, Ensley Williams and Annie Payne Williams, for whom Wm. H. Timmons has been appointed special guardian by the County Court of Maury County, in which county they reside. The bill is filed in the Chancery Court of Davidson County, in which county the real estate

so selected and set apart to Melville Williams, under the will of Enoch Ensley, is situated. Melville Williams, and his two children, Ensley Williams and Annie Payne Williams, are regularly before the Court as parties, the minor parties represented by guardian *ad litem*.

The object of the bill is, first, to have a construction of the clause of Enoch Ensley's will, already quoted; and, second, if it shall be held that Melville Williams is only entitled to a life estate in the property, then, that the property be sold for re-investment of the proceeds, upon the allegation, that on account of the character and condition of the estate, and the inability of Melville Williams, or his two children, to repair or improve the property, and of the necessity for raising means for the support and education of the minors, it will be manifestly for the advantage of all interested in the property, that it be sold for re-investment of the proceeds.

The cause was heard by Chancellor Cooper upon bill and amended bill, answers, exhibits, report of the Clerk and Master, and proof, when he held that Melville Wiliams was only entitled to a life-estate in the property, and that it was manifestly to the interest and advantage of all the parties in interest, that all of the property described in the pleadings should be sold for re-investment, except lots Nos. 1, 2 and 3, and, as to them, the proof not being satisfactory, leave was given, if the parties so elected, to take additional proof. It was also held and decreed, that the heirs

of Melville Williams would be entitled to the said real estate upon the death of Melville Williams, with heirs of his body by a legal marriage, and that Enoch Ensley, Jr., has conveyed to Melville Williams all the interest he had in and to said real estate, by virtue of the limitation over in the second clause of the will of Enoch Ensley, deceased.

From this decree the two children of Melville Williams, by their guardian *ad litem,* have appealed to this Court.

1. So much of the second clause in Enoch Ensley's will as calls for our construction, is as follows: " I will and devise to my grandson, Melville Williams, during his life, and then to the heirs of his body by a legal marriage, and in the event of his death without such heirs, then to my residuary legatee, and his heirs," etc.

It is not necessary to determine whether the language of this devise constitutes a valid executory devise to the residuary legatee named in the will, or whether, under the law, as it stood previous to the Act of 1851, carried into the Code as §2008, the language would have given to the tenant for life an estate in fee simple, under the rule in Shelly's case. In either view, since the Act of 1851, Melville Williams would only take a life estate, and at his death his heirs, or the heirs of his body, would take as purchasers, by virtue of the remainder so limited to them. The contingent remainder, thus vested in the heirs of the body of Melville Williams, would go over

to Enoch Ensley, Jr., the residuary legatee, in the event of the death of Melville Williams, without such heirs living at his death, under the Act of 1851, Code, §2009. But Enoch Ensley, Jr., having conveyed his entire interest in the property to Melville Williams, the effect is to vest the fee in Melville Williams, subject to a contingent remainder, in fee, in the heirs of his body living at his death.

This question was before this Court at its April Term, 1873, at Jackson, in the case of Melville Williams v. Ensley Williams, et al., in which the same construction was placed upon the second clause of Enoch Ensley's will, which we now place upon it. Chancellor Cooper has arrived at the same conclusion, and we affirm his decree as to this question.

2. The next question is, whether, upon the pleadings and proof in the cause, there was any error in the decree of the Chancellor as to a sale of the property? The proceeding in this case is had under the chapter of the Code, providing for the sale of property of persons under disability. Melville Williams, in whom is vested the fee, subject to the contingent remainder of the heirs of his body, at his death, together with his two children, who are minors of tender years, are parties, and are the only persons in being interested in the property. The minors are regularly represented by special guardian and by guardian *ad litem.* All the requirements of the Code, to give the Court jurisdiction, so far as the pleadings are concerned, have been complied with. The real estate sought to be sold is situated in David-

son County, so that the Chancery Court had jurisdiction of the subject matter. By §3326, the petition or bill may be filed where the property, real or personal, sought to be disposed of, is situated, òr where the person laboring under disability at the time, resides, at the option of the party commencing the action.

It is provided by §3327, " that the jurisdiction may be exercised as to any kind of property, and whether the interest, or the estate of the party under disability, or any of the parties litigant, is in possession, reversion, or remainder, or subject to any limitation, restriction, or contingency whatever." As broad as this language is, it is further extended by §3337, which provides, that " property so limited that persons not in being may have an estate or interest therein, may also be sold under the provisions of this chapter, if all those interested therein in being are before the Court, and it is satisfactorily shown to be necessary, or manifestly for the interest of such persons then in being, having a common interest with those who may come into being."

Without considering the question, whether the Chancery Court does not possess the inherent jurisdiction to decree a sale of property situated as the present property is, it is sufficient for the case before us, that all the parties in being having an interest, either absolute or contingent, are before the Court, and that the heirs of the body of Melville Williams already in being have a common interest with such as may hereafter come into being. So far as the jurisdiction of the

Court is concerned, it exists by express statutory provision.

3. The remaining question is, whether the proof in the cause is so full, ample and satisfactory as to leave no reasonable doubt on the mind of the Court as to the necessity of a sale for the support, education and maintenance of the minors, or that it is manifestly for there interest that a sale should be made.   The proof is full and satisfactory as to the condition of the improved and unimproved portions of the property being such that its rents are insufficient to make necessary repairs, and to pay the accruing taxes.   It is manifest that its condition will continue to grow worse, if it is allowed to remain as at present.   It is fully proven that the tenant for life has no other means than those derived from this property, and hence, that he is wholly unable to have the unimproved property improved, or to have the improved portion so repaired as to yield fair rents.   It is, further, fully proved, that the minors, who have the contingent remainder, are of very tender years, and that they have no other means besides their interest in this property, and they are utterly dependant upon the tenant for life for reasonable support, maintenance and education.   Upon these facts, satisfactorily proved, in pursuance of the Statute, the Chancellor was of opinion, that it is manifestly for the interest of the minors, and necessary for their proper support, maintenance and education, that all of the property mentioned in the pleadings, except lots 1, 2 and 3, should be sold, and he so decreed.

We are of opinion that the proof fully sustains the opinion and the decree of the Chancellor.

The decree of the Chancellor is affirmed, and the cause remanded for further proceedings in the execution of the decree. The costs of this Court will be paid by Melville Williams.