## Ryan *v.* Monaghan.

### (*Jackson.* April 3, 1897.)

1. WILLS. *Contingent remainder.*

   A devise to A for life, then to the "heirs" of B, creates a contingent remainder in favor of B's "heirs," which fails if B was living, and therefore without heirs when the supporting life estate terminated. (*Post, pp. 339–341.*)

2. SAME. *Inheritance passes to heirs.*

   The inheritance, if not disposed of by the will, passes by operation of law to the heir, pending the determination of a contingency upon which a future estate is made to depend. (*Post, p. 341.*)

   Cases cited and approved: Clopton *v.* Clopton, 2 Heis., 31; Bigley *v.* Watson, 98 Tenn., 353.

3. SAME. *Executory devise.*

   Under a devise to testator's wife for life, then to the "heirs" of his son, and then, if the son should "die without issue and unmarried," to testator's three brothers and a sister, the latter cannot take by contingent remainder, but do take by executory devise, and can maintain suit against the son after the first two estates have ended or failed, to have their interests declared and determined. (*Post, pp. 341–343.*)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. HON. STERLING PIERSON, Ch.

HENRY CRAFT for Ryan.

CASEY YOUNG and MALONE & MALONE for Monaghan.

BEARD, J. James Monaghan died leaving a will, which was duly probated. The seventh and eighth clauses of this will are as follows:

"Article 7. To my beloved wife, Margaret, I give, during her natural life, all other real and personal property I may die seized and possessed of, to be used by her for her own separate use and benefit, without being controlled or interfered with under any circumstances by anyone, except that she may pay fifty dollars each month to my son, James P., for his maintenance, provided it does not exceed one-third of the income of the estate.

"Article 8. At the death of my wife, I direct, will, and bequeath to the heirs of my son, James P. Monaghan, all of the real estate which I die seized and possessed of, to be for their use and benefit, under the direction of the Probate Court of Shelby County, Tennessee; provided, however, in the event my son, James P. Monaghan, shall die without issue and unmarried, then, and in that event, all of said real estate I die possessed of, except the property described, No. 23 Alabama Street, shall be owned, and is hereby given to, my three brothers and one sister, share and share alike, divided equally among them or their heirs. The realty

I now possess consists of three hundred and fifteen feet on the west side of Alabama Street, extending back to the bayou; a house and lot on the south side of Robeson Street; three acres on Breedlove Avenue, outside of the city of Memphis, and an irregular piece of land on Winchester Street, in Memphis."

The testator left surviving him, his wife, Margaret, and James P. Monaghan, his only child and heir at law, who was, at the death of testator, and continues to be, an unmarried man. The life tenant having subsequently died, this ' bill was filed by the brothers and the sister of the testator, asking primarily for a construction of the eighth clause of the will, and alleging that, upon a proper interpretation of it, James P. Monaghan, the son, is without interest in the property covered by this clause, and, that as the life estate had fallen in, they were entitled to be let into its possession and enjoyment as owners in fee.

There is no doubt of the intention of the testator, as it is expressed in clause or article 7 of the will. He intended that his wife, Margaret, should take a life estate in all his real and personal property, save the lot named in his eighth clause as No. 23 Alabama Street, which he had disposed of in an earlier article of his will. For some reason, undisclosed in the record, the father made no provision for his son taking an interest in his realty. He did not disinherit him, but he simply failed to

provide for him so far as his real estate was concerned. While omitting to make provision for him in this respect, he did not disregard his heirs, but devised to them, on the falling in of the life estate, all of the realty which, by the preceding article, had been given to the wife for the term of her natural life. This estate, thus devised to the "heirs of" the son, was a contingent remainder, and as this son was then alive, and as *nemo est hæres viventis,* this remainder estate, not being able to take effect on the termination of the particular or supporting estate, fell to the ground. In the meantime, where rests the inheritance of this property? In whom is it lodged? It is evident that it is not in these complainants, for their interest, if any they have, rests on the contingency of James P. Monaghan dying "without issue and unmarried." This contingency may never happen. He may marry and then die, leaving issue; if so, these complainants will be disappointed of all interest under this clause. By accident or design the testator failed to dispose of the inheritance, and, by operation of law, it passed to his son and only heir, James P. Monaghan. *Clopton* v. *Clopton*, 2 Heis., 31; *Bigley* v. *Watson*, (98 Tenn.), 39 S. W. Rep., 525.

The next question is, does this inheritance exist in the son absolutely, or is it in the nature of a fee determinable on his dying "without issue and unmarried?" This depends upon whether, under the clause in question, the complainants are contingent

remaindermen or executory devisees.   If the former,
then, as there is no particular estate to support their
remainder estate, it must fail; if, however, the in-
terest is that of executory devisees, as such an in-
terest may be created to come into existence *in fu-
turo*, and does not need the aid of a supporting
estate, then it can be saved to them.   We think it
clearly is the latter.

"An executory devise," says Mr. Jarman, "is a
limitation by will of a future estate or interest in
land which cannot, consistently with the rules of law,
take effect as a remainder, for it is well settled
(and, indeed, has been remarked as a rule without
an exception) that where a devise is capable, accord-
ing to the state of the objects at the death of the
testator, of taking effect as a remainder, it shall
not be construed to be an executory devise. . . .
A remainder may be described to be an estate which
is so limited as to be immediately expectant on the
natural determination of a particular estate of free-
hold, limited by the same instrument.   It follows
that every devise of a future interest which is not
preceded by an estate of freehold created by the
same will, . . . or which, being so preceded, is
limited to take effect before or after, and not at,
the expiration of such prior estate of freehold, is
an executory devise."   2 Jarman on Wills, 483.

The complainants, and those of the defendants
who are the children and heirs of a dead brother
of the testator, have an interest falling within the

Ryan *v.* Monaghan.

definition of an executory devise as given by Mr. Jarman. To this extent, and alone for the purpose of determining this interest, was this bill maintainable. In all other respects the Chancellor was right in his decree of dismissal. The costs of this Court and the Court below will be borne by complainants.