# BERNARD GOLDBERG

*vs.*

# LOUISE ERICH ET AL.

*Rule Against Perpetuities—Limitation to Grandchildren—Merger.*

A limitation, in a deed of trust, "after the death of all of the said children of" the settlor, in favor of "the children of the said children of" the settlor, "their heirs, personal representatives, and assigns, absolutely, share and share alike," was void for remoteness.       p. 547

If a gift is void as to any of a class it is void as to all.   p. 548

The validity of a gift, with reference to the rule against perpetuities, is to be determined as of the date of the effectiveness of the deed and not by subsequent events.       p. 548

In the case of a naked trust for the settlor's children for their lives, the trustees being without any active duties, the use is executed in the children, and their legal life estate is, in the absence of any intervening interest, merged in a reversion in fee simple passing, on the settlor's death intestate, to such children as his heirs.       p. 548

*Decided January 18th, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (STEIN, J.).

Bill by Louise Erich and Elma Erich against Bernard Goldberg for specific performance. From a decree for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Joseph S. Goldsmith,* for the appellant.

*Harry N. Baetjer,* with whom were *Joseph France* and *Venable, Baetjer & Howard* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

The only question on this appeal is whether the limitation in remainder in a deed from Doctor Augustus F. Erich and Annie Erich, his wife, of Baltimore City, to I. George Baetjer, trustee, dated Feburary 18th, 1881, and duly recorded, is void as violating the rule against perpetuties.

Certain property described in that deed was sold by appellees, life beneficiaries under said trust deed and heirs of Dr. Erich, to appellant, and a contract of sale was executed by them. On application by appellant to the Maryland Title and Guarantee Company for an insured title, that company refused to guarantee it, although its chief examiner expressed the opinion that title was in appellees, but did not advise acceptance of such title because he thought the deed of trust constituted at least a cloud on the title.

In these circumstances a bill for specific performance was filed by appellees; and in due course specific performance was decreed.

From that decree this appeal was taken. The habendum in the deed of trust above mentioned is as follows:

"To have and to hold the said ground and premises unto the said George Baetjer, his successors and assigns, in fee simple, as to the parcel of ground hereinbefore first described, and for all the residue of the several terms of years yet to come and unexpired therein, with the benefit of renewal forever, subject to the payment of the several yearly rents aforesaid, as to the parcels of ground hereinbefore secondly and thirdly described. In trust nevertheless for the sole and separate use of the said Annie Erich for the term of her natural life, with full power and authority to her to

sell, lease, mortgage or otherwise dispose of all or any part of the property hereby granted during the term of the natural life of the said Augustus F. Erich, with his consent, and without the consent of said trustee, and without said trustee being a party to any deed, lease, mortgage or other conveyance, and, after the death of said Augustus F. Erich, at her pleasure with the consent of said trustee, and with him uniting in any conveyance thereof, and to reinvest the proceeds thereof, upon the same trusts as are herein declared, and so that the purchaser or purchasers, lessees or mortgagees shall not be bound to see to the application of the purchase money; and from and after the death of the said Annie Erich, then in further trust for the use of the said Augustus F. Erich, for the term of his natural life, with full power and authority to him, without the consent of the said trustee, and without the trustee being a party thereto, to sell, lease, mortgage or otherwise dispose of all or any part of the property hereby granted, or such other property as may be purchased by the said Annie Erich, during her life, in lieu of any part or all of the property above described sold by her under the power above granted to her, and to reinvest the proceeds thereof, upon the same trusts as are herein declared, and so that the purchaser or purchasers, lessees or mortgagees shall not be bound to see to the application of · the purchase money; and from and after the death of the said Augustus F. Erich, or if he shall have departed this life before the decease of the said Annie Erich, then from and after her decease in further trust for the use of all the children of the said Augustus F. Erich, living at his death, if he should survive his said wife, Annie Erich, and if not, then to those children, living at her death, for the term of their natural lives, respectively, and from and after the death of all of the said children of said Augustus F. Erich, then this trust shall cease, and the property hereby granted and all reinvestments thereof shall be divided among the children

of the said children of said Augustus F. Erich, their heirs, personal representatives and assigns, absolutely, share and share alike.  And in further trust, however, that in case the said Annie Erich survives her said husband, the said Augustus F. Erich, and marries again, then the said property hereby granted or such other property as may be purchased in lieu thereof, shall be divided into three parts by the said trustee, or his successors, and the income of one-third part thereof shall be paid by him to the said Annie Erich during her natural life, for her sole and separate use; and from and after her death, the same shall be held by said trustee for the use of said children and grand-children of said Augustus F. Erich, as aforesaid; and the other two-thirds shall be held by said trustee, or his successors, for the use of the said children and grandchildren of said Augustus F. Erich, upon the same trusts as are above declared relating to them.

"And it is hereby expressly understood and agreed that the said trustee, party of the second part hereto, shall not be compelled to see to the payment of taxes, ground rent, insurance, repairs or any other claims on or against any of said property hereby granted, nor shall he in any manner be held responsible for the non-payment thereof; but it shall be the duty of the party or parties enjoying the said property and receiving the income and rents therefrom, to fully pay all said annual and other claims against the said property."

We have no doubt that the remainder limited by this deed, "after the death of all of the said children of said Augustus F. Erich," to "the children of the said children of said Augustus F. Erich, their heirs, personal representatives and assigns, absolutely, share and share alike" is void for remoteness under said rule.

The limitation is clearly to a class, and it was quite possible at the time said deed took effect that some of that class might not be in being within the time fixed by the rule.

If the gift is void as to any of a class it is void as to all, and the validity of the gift is to be determined as of the date of the effectiveness of the deed and not by subsequent events. *Gray, Perpetuities* (3rd ed.), sections 201, 369; *Goldsborough* v. *Martin,* 41 Md. 488; *Albert* v. *Albert,* 68 Md. 373; *Gambrill* v. *Gambrill,* 122 Md. 563; *Bowerman* v. *Taylor,* 126 Md. 203; *Ortman* v. *Dugan,* 130 Md. 121; 21 R. C. L., sec. 35.

In *Bowerman* v. *Taylor, supra,* the limitation under consideration in that case was held not to be obnoxious to the rule, the facts being readily distinguishable from those in the present case, but the principles above stated were fully recognized and approved.

The ultimate limitation in remainder being void for remoteness and the preceding remainder for life being good, the reversion after the termination of the prior interest (the remainder for life to the children), the settlor having died intestate, goes to the person or persons who would have been entitled if the void limitations were erased from the deed, namely the heirs of the settlor (*Gray, Perpetuities,* section 248; *Tiffany, Real Property* (2nd ed.), p. 614; *Gambrill* v. *Gambrill, supra,* at p. 574), the appellees in this case; and inasmuch as they are also the equitable life tenants, and the trust is a naked trust, the trustees being without active duties of any kind, the use in the said life estate is executed; and as there is no intervening interest, the life estate is merged in the reversion, and the appellees are the owners of the property in fee simple. *Graham* v. *Whitridge,* 99 Md. 248; *Starr* v. *Starr M. P. Church,* 112 Md. 180; 16 *Cyc.* 667; *Gambrill* v. *Gambrill, supra.*

*Decree affirmed, with costs to appellees.*