CHAMBERLIN SIMPSON *et al. v.* TOM NEAL SIMPSON *et al.*

(*Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

R. A. Ashley, for complainant, appellants.

Latta & Latta, for defendant, appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

This cause, heard by the chancellor on bill and answer, presents for decision the proper construction of a deed executed February 15, 1896, by Tom W. Neal and wife.

The granting clause of the deed conveys a tract of land to Lillian Simpson, daughter of the grantors, by the phrase, "we . . . do bargain, sell, transfer and give to our daughter, Lillian Simpson, the following described piece of land," etc.

Following the description of the land conveyed is the *habendum* clause which, it is conceded, purports to limit the estate of Mrs. Simpson to a life estate, with specific provision for remainder to her surviving husband and

children, and if none such should survive her, to those persons who should be her heirs at law at the time of her death.

It is contended for Mrs. Simpson that the granting clause purports to vest in her a fee-simple title to the land conveyed by the deed, thus creating an irreconcilable conflict between the granting clause and the *habendum* clause, which renders it necessary and proper to reject the latter clause in favor of the former. For this, complainants cite: *Hicks* v. *Sprankle,* 149 Tenn., 314; *Ballard* v. *Farley,* 143 Tenn., 161; *Teague* v. *Sowder,* 121 Tenn., 132.

This inconsistency or repugnancy between the two clauses which is the foundation of complainant's contention, is neither apparent nor real. *Daly* v. *Daly,* 142 Tenn., 242; *Beecher* v. *Hicks,* 75 Tenn., 207.

All the cases cited hereinabove recognize that when the conveying clause fails to state, limit or define the estate granted, it may be limited or defined in the *habendum* clause; and this was the original office of that clause in deeds at common law. *Ballard* v. *Farley, supra,* page 165, quoting from 4 Kent, Commentaries, page 468.

The language of the deed before us is substantially the same as in the deed construed in *Beecher* v. *Hicks, supra.* That case is expressly distinguished in *Teague* v. *Sowder, supra,* at page 166, and the court there quoted from the earlier case: "The *habendum* is clearly not repugnant to the premises, but determines the estate granted, and only adds new grantees by way of remainder." This language correctly describes the deed before us.

The conclusion of the chancellor, that the deed vests in Mrs. Simpson only an estate for life, is not only in

accord with the technical rules of construction discussed in the cited cases; but enforces the manifest intention of the grantors. The decree of the chancellor will be affirmed.