THOMAS C. BUNTIN *et al.*, COMPLAINANTS, APPELLANTS, *v.* MRS. ELIZABETH S. PLUMMER *et al.*, DEFENDANTS, APPELLEES.

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

Reber Boult and Hume & Armistead, for complainants, appellants.

McConnico, Hatcher, Walker, Waller & Hooker and Price, Schlater & Price, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

Bill filed to recover lot No. 62 and building thereon located on the west side of College Street in Nashville, and to have an accounting for rents. The chancellor dismissed the bill upon demurrer. Both complainants and defendants claim through Mrs. Rachel A. Craighead, who died intestate in 1924, without ever having had any children. In 1901, Mrs. Craighead adopted her cousin, Dan F. C. Buntin, who died in 1922.

The complainants are the children of Dan F. C. Buntin, and as such inherit the property which Mrs. Craighead owned at her death. *Meriwether* v. *Fourth & First B. & T. Co.*, 153 Tenn. 696.

In 1912, Mrs. Craighead conveyed the house and lot in controversy to the First Savings Bank & Trust Company, as trustee, for the use and benefit of herself for life, and after her death for the use and benefit of her cousin, John C. Buntin, and his wife, Elizabeth S. Buntin. John C. Buntin is dead and his wife has since married and is the defendant, Elizabeth S. Plummer. Mrs. Craighead was the only child and heir at law of Daniel F. Carter, who died testate in March, 1874. A few days before his death he executed his will, which was duly probated. So much thereof as is pertinent to this controversy is as follows:

"I give and devise to my dear daughter Rachel A. Craighead and the children of her body, the store and lot No. 62 on the west side of North College Street, Nashville, Tennessee, now occupied by G. Rice & Co., as a dry goods store, fronting 25 feet on said Street and running

back to an alley, bounded on the North by Thompson's Store, and on the South by Beach's store.

"Also store house and lot No. 76 and 78 on the east side of S. Market Street and running back to Front Street now occupied by John W. Terrass as a business house. The above described real estate given to my daughter Rachel A. Craighead and the children of her body, is devised to the sole and separate use of my said daughter, and if my said daughter should die without leaving a child or children, then she is empowered to dispose of said property by last will and testament or any instrument in the nature of a last will and testament, but not to be disposed of otherwise, as it is my will and desire that she should not dispose of it during her natural life, save as above provided."

It is the theory of complainants that the conveyance of this property by Mrs. Craighead, in 1912, was void. and hence they, as the children of Dan F. C. Buntin, inherit this property from Mrs. Craighead.

We are satisfied that in the disposition of this property Mrs. Craighead gave full effect to the will and desire of her father. It is perfectly clear that his intention was (1) that his daughter should enjoy and have the income from this property during her life; (2) that upon her death it should go to her children; and (3) that if she had no children she was to designate those to whom it should go.

The general rule is that if property is devised to a daughter and her children, she having no children at the time, the daughter takes a life estate and the children the remainder. *Beecher* v. *Hicks,* 75 Tenn., 207; *Bunch* v. *Hardy,* 71 Tenn., 549; *Turner* v. *Ivie,* 52 Tenn., 222; *Moore* v. *Simmons,* 39 Tenn. 545.

The interest devised to the children of Mrs. Craighead was a contingent remainder. *Ryan* v. *Monaghan,* 99 Tenn. 341; *Bigley* v. *Watson,* 98 Tenn., 355; *Williams* v. *Williams,* 62 Tenn., 58.

If the testator intended to devise only a life estate to his daughter with a contingent remainder to any children she might have, then he by accident or design reserved in himself the reversion or fee, which upon his death, by operation of law, passed to his daughter and only heir, Rachel A. Craighead. *Ryan* v. *Monaghan, supra; Bigley* v. *Watson, supra; Clopton* v. *Clopton,* 49 Tenn., 31. So that the life estate of Mrs. Craighead was enlarged into a fee, determinable upon her dying leaving children. *Williams* v. *Williams, supra; Ryan* v. *Monaghan, supra.* Having died without surviving children, her interest in the property became absolute. Since the title to the property was in Mrs. Craighead she had a right to dispose of it by deed or will independently of her father's will. *Clopton* v. *Clopton, supra; Williams* v. *Williams, supra; Bigley* v. *Watson, supra; Savings Bank & Trust Co.* v. *Bedford,* 161 Tenn., 200. The grantees in the deed of 1912 would have been divested of their title had Mrs. Craighead been survived by a child, but that contingency never happened.

Complainants do not claim that they take any interest in this property under the will. They cannot inherit from Daniel F. Carter. *Taylor* v. *Taylor,* 162 Tenn., 482. They do inherit from Mrs. Craighead, but at the date of her death she had parted with all interest in this property, hence there was nothing for them to inherit. In this view we find it unnecessary to decide whether the conveyance of 1912 conforms to the clause in the will providing that Mrs. Craighead "is empowered to dispose

of said property by last will and testament or any instrument in the nature of a last will and testament.''

The complainants have no interest in this property, and the decree of the chancellor dismissing the bill is affirmed.