HASSELL *et al. v.* SIMS *et al.*

(*Jackson*, April Term, 1940.)

Opinion filed June 13, 1940.

320

 

R. R. HAGGARD, of Waynesboro, for complainants.

W. H. FISHER, of Memphis, and GREER & GREER, of Dyersburg, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The sole question for decision is whether the grandchildren of J. J. Sims take any interest in a 404-acre tract of land in Decatur County which he conveyed by warranty deed on July 25, 1906. At the time of said conveyance J. J. Sims and his wife Dora had several living children but no grandchildren. Since then other children have been born to them, and at present they have a number of grandchildren, both the children and grandchildren being parties to this suit. J. J. Sims and his wife Dora are still living. The chancellor decreed that the attempt in said deed to create an estate in the grandchildren was void and that they acquired no interest in this tract of land.

This deed, omitting boundaries of the land, is as follows:

"I, J. J. Sims of Decatur County and State of Tennessee, For the love and affection I have for my wife, Dora, and her children do hereby convey to them the following tract of land Known and described as follows: (setting description out) And I warrant the title against all persons whomsoever. Covenant of seized possession and Special warranty, I covenant that I am seized and pos-

sessed of said land and have a right to convey it and I warrant the title against all persons claiming under me.

"Now it is known especially the terms that wife Dora may hold her interest in the above deed after my demise so long as she remains a widow if she intermarries with any other person then her right ceases to her interest in said land, and in regard to the children that is now born or may hereafter be born to me and my wife Dora they are to have equal right in said land during their lives, then the title is vested in their children that is to say the title of the above conveyance of said land is vested in my Grand Children."

No question is made as to the execution and delivery of this deed.

██ ██ Counsel for complainants insist that there is a repugnancy between the granting and the *habendum* clauses, the result being that the former controls; so that the wife takes a life estate and their children living at the date of the deed take a vested remainder which opens up to let in after-born children. To this view we are unable to assent. Under the decisions of this court the rule is firmly established that when the conveying clause in a deed fails to state, limit or define the estate granted, it may be limited or defined in the *habendum* clause, the latter determining the estate granted, and only adds new grantees by way of remainder. *Simpson* v. *Simpson*, 160 Tenn., 645, 647, 28 S. W. (2d), 349; *Teague* v. *Sowder*, 121 Tenn., 132, 166, 114 S. W., 484; *Beecher* v. *Hicks*, 75 Tenn. (7 Lea), 207.

We are further of the opinion that this contention by counsel for complainants conflicts with the purpose and intention of the grantor. While the deed is somewhat inartificially drawn and expressed in language not entirely clear from ambiguity, we have no real difficulty in

comprehending the purpose and intention of the testator, namely, that his wife was to take a life estate in the property, followed by a like estate in their children, with the inheritance or contingent remainders in the grandchildren.

In *Blackburn* v. *Blackburn,* 109 Tenn., 674, 677, 73 S. W., 109, 110, grantor conveyed a tract of land of 1,063 acres to his daughter, Mary McMillion Blackburn, and her children. The instrument further provided that if the daughter was survived by her husband that 400 acres of the tract was to be set apart to him "to hold and use and occupy during his lifetime, and at his death to go to the said children, bodily heirs of said Mary McMillion Blackburn."

It will be observed that the grantor created two life estates, with remainder in Mrs. Blackburn's children. At the date of the deed Mrs. Blackburn had four living children, one of whom, a daughter, married Alpheus Truett, and had born to her of this marriage a child named Edward Truett. Mrs. Truett afterwards died during the lifetime of her mother, leaving surviving this child. Subsequent to the date and delivery of the deed there was born to Mrs. Blackburn five other children. Thereafter she died leaving surviving her husband and, in all, eight children and the grandchild, Edward Truett. With respect to the several interests taken by the grantees, the court said: "But if the deed, when taken altogether, discloses a purpose upon the grantor's part that all the children of the mother, without regard to the time of their birth, shall become beneficiaries of the property conveyed, then to effectuate this purpose the mother will be converted into a tenant for life, and the children into remaindermen, the remainders vesting in those living at the date of the instrument, and the estate opening upon

the subsequent birth of children so as to embrace them; or else the mother will be held to be trustee for herself and her then living as well as her after-born children. And a slight indication will induce the courts to adopt the construction of the deed which will effectuate the intention of the grantor. *Moore* v. *Simmons*, 39 Tenn. (2 Head), [545], 546; *Beecher* v. *Hicks*, 75 Tenn. (7 Lea), 207."

Upon these authorities it is clear that Mrs. Dora Sims took a life estate, followed by a like estate in her children, just as Mr. Blackburn took a life estate in the 400-acre tract of land upon the death of his wife under the deed referred to above.

■ Since there were no living grandchildren in whom the fee could vest when J. J. Sims executed the deed before us, it follows that the grandchildren who were subsequently born became contingent remaindermen. *Buntin* v. *Plummer*, 164 Tenn., 87, 91, 46 S. W. (2d), 60; *Lumsden* v. *Payne*, 120 Tenn., 407, 114 S. W., 483, 21 L. R. A. (N. S.), 605; *Ryan* v. *Monaghan*, 99 Tenn., 338, 42 S. W., 144; *Bigley* v. *Watson*, 98 Tenn., 353, 39 S. W., 525, 38 L. R. A., 679; *Williams* v. *Williams*, 62 Tenn. (3 Baxt.), 55; *Clopton* v. *Clopton*, 49 Tenn. (2 Heisk.), 31. Until the contingency happens, that is, the death of grantor's children survived by children, the fee remains in the grantor, or in his heirs in case of his death. *Clopton* v. *Clopton, supra; Bigley* v. *Watson, supra; Ryan* v. *Monaghan, supra*.

In 21 C. J., 993, it is said: "Some authorities hold that where a contingent remainder of the inheritance is limited by a conveyance operating at common law, the estate in remainder immediately passes out of the grantor, is in abeyance (sometimes expressed as in *nubibus* or in *gremio legis*), where it awaits the contingency, and if that results favorably vests in the remainderman, but if

the remainder fails to vest at or before the determination of the particular estate the grantor or his heirs may re-enter. The logical and more reasonable theory, however, is that in such a case the inheritance remains in the grantor or his heirs or in the heirs of the testor, until the contingency happens to take it out of them." (Citing authorities.)

█ Counsel for complainants make the further insistence that in so far as the grantor undertook to create an estate in his unborn grandchildren that the deed is void as violative of the rule against perpetuities.

In *Eager* v. *McCoy*, 143 Tenn., 693, 702, 228 S. W., 709, 711, it is said: "The rule against perpetuities has been considered in several of our cases, and it is, as announced therein, that executory limitations, whether of real or of personal estate, in order to be valid, must vest in interest, if at all, within a life or lives in being and 21 years and a fraction thereafter, or the term of gestation in cases of posthumous birth."

Counsel for defendants insist that the limitation over is not too remote, and invoke the rule announced by this court in *Brown* v. *Brown*, 86 Tenn., 277, 6 S. W., 869, 870, 7 S. W., 640. In that case testator devised his property in fee to his son, and provided in case of his death without issue that it "shall go over to and be equally divided among the children of my deceased sister Elizabeth Stewart, and of my brother Hamilton Brown, taking per capita; and, in case any of said children should be dead, but leaving children then living, such child or children shall represent the deceased parent, and take such interest as said parent would have taken if alive." The question involved in that case was whether the limitation over was valid. We quote from the opinion as follows:

"It is insisted that this operates to create a perpetuity;

that it is, in effect, a devise to 'the unborn child of an unborn child;' or may possibly result in that, and hence is void. We concede the point that, for the purposes of this construction, the will must be looked to as matters stood at the death of testator, when it went into effect, and that subsequent events cannot be noticed in aid of the construction, and that if, on a fair construction of the will, as matters then stood, it is open to the legal possibility of producing a result violative of the settled policy of the law, it must be declared void. It is conceded that a devise eo nomine to the unborn son of an unborn son would be void for remoteness, and be in violation of the rule against perpetuities. It is contended, however, that although there be no such devise in terms, yet if such a result may happen, under the provisions of the will, then the will is void, or violative of the law against perpetuities. It is conceded that such a result might happen under this will, or that Hamilton Brown might have a son after the death of testator, and that son might have a son who would be living at the death of the survivor of the first taker without issue then living, and if this last-mentioned son should take under the will, then that would be the case of an unborn son of an unborn son taking the devise.''

After reviewing the authorities, the court approved the following rule, and the exception thereto, to-wit:

''A devise to the unborn child of an unborn child eo nomine is void, because it may not take effect within a life or lives in being and 21 years and the fraction of a year thereafter; but when, by the express terms of the devise, the limitation over must take effect within the life or lives of persons in being, then this reason supporting the objection fails, and the limitation is good.''

The court then held that the facts of that case brought

it within the exception, because even though it was possible for an unborn child of an unborn child to take under the will, the limitation over necessarily took effect upon the death of the testator's son who was living at the date of the will and at the death of testator.

In the instant cause grantor had children living at the date of the deed. Subsequent thereto other children were born; so that at this time there are eleven children living, four of whom are minors. There are also living at present a number of grandchildren, all of whom were born after the deed was executed and delivered. It thus appears that it is not only possible but probable that an unborn grandchild of an unborn child will take an interest in this tract of land under the terms of this deed.

In 48 C. J., 944, 945, the general rule as to the possibility of nonvesting is thus stated: "It is not sufficient that a future interest may or probably will vest within the limit of the rule against perpetuities, nor, on the other hand, is it necessary, in order to call for the application of the rule, that it will probably or certainly vest beyond such limits; a possibility that it may do so is fatal to its validity."

The principle applicable to the deed here involved is thus stated in 48 C. J., 970, 971:

". . . A limitation to the unborn grandchildren of a living person is void for remoteness, except when it is restricted to those living at a time not later than the expiration of the period after its creation specified by the rule against perpetuities, inasmuch as grandchildren may be born at a time beyond the period specified by the rule, to children yet unborn at the creation of the interest.

"A gift or limitation of an interest or estate to the child of a person not in being at the creation of the limitation is, when not restricted to a birth and vesting

occurring within the period of the rule against perpetuities, void for remoteness, inasmuch as such child may not be born within twenty-one years after the death of persons in being at such creation; but if, by the terms of the gift or limitation, such unborn child must be born and take, if at all, within the period specified by the rule, the rule is not violated and the interest limited is not too remote.''

In *Gray v. Whittemore,* 192 Mass., 367, 78 N. E., 422, 10 L. R. A. (N. S.), 1143, 116 Am. St. Rep., 246, it was held that a devise of property to the testator's children for life, and to a surviving spouse of any such child for life, with remainder to children of such child then surviving, is void for remoteness as to the remainder, since it is possible that one of said surviving spouses may die more than twenty-one years after the termination of all lives in being when the trust was created.

In *Laughlin* v. *Elliott,* 202 Ky., 433, 259 S. W., 1031, it was held that a deed conveying a life estate in property to the grantor's daughter, with remainder at her death ''to the grandchildren'' of the gantor, the grantor having other children living, is void for remoteness so far as concerns the remainder, where there is no evidence of intention to confine it to those grandchildren who are *in esse* at the end of the life estate, inasmuch as the other children of the grantor might have children born more than twenty-one years and ten months after the expiration of the lives of both the grantor and life tenant, so that the class to whom the remainder was given would thereby be required to open and let in such new members at a time beyond the period permitted by the rule against perpetuities.

In *Goffe* v. *Goffe,* 37 R. I., 542, 94 A., 2, 6, Ann. Cas. 1916B, 240, 245, it is said: ''The limitation in clause 10

to the testator's grandchildren is valid, since the number of grandchildren must be ascertaned at the death of the testator's children, and all his children must be begotten before his death; but a limitation to the great-grandchildren of a living person is bad, because children may be born to such children after the limitation is created, and children to the second generation may be born to these children more than 21 years after the death of the persons in being when the limitation was created. It therefore becomes evident that the attempted devise in trust by the testator for the benefit of his great-grandchildren is void, as being in violation of the rule against perpetuities.''

In *Goldberg* v. *Erich,* 142 Md., 544, 121 A., 365, the provisions of the deed are quite similar to those in the deed here involved. In that case certain property was conveyed by the grantor to a trustee, the income from which was to be paid to his wife for life, then to children for life with remainder to their children, grantor's grandchildren. As to the latter the court held the deed void for remoteness.

Many cases of a similar nature could be cited, but these are sufficient to illustrate the rule which we are applying.

█ █ Counsel for defendants invoke the rule announced by the Court of Appeals of Kentucky in *Tuttle* v. *Steele,* 281 Ky., 218, 135 S. W. (2d), 436, 439, as follows: ''It is uniformly held that a devise to a testator's grandchildren as a class is good and if the vesting is not postponed to a time after they become of age, for they must all become of age within 21 years after the death of their parents (the testator's children) and the parents must all have been born (or begotten) in the testator's lifetime.

*Otterback* v. *Bohrer*, 87 Va., 548, 12 S. E., 1013; Gray on Perpetuities, section 370.''

That rule is well established with respect to wills. In such case the creation of the interest commences at the date of the death of the testator, whereas in the case of a deed the creation of the interest commences at the date of the delivery of the deed. 48 C. J., 942. Where property is devised to grandchildren the title necessarily vests within the twenty-one-year period, unless under the terms of the will the vesting of title is postponed beyond that period. That rule, however, is inapplicable in the case of a deed, as is illustrated in this cause. The grantor is still living although the interest under the deed commenced in 1906; so that it cannot be said that the remaindermen will necessarily become vested with title to this property within twenty-one years after the death of a life or lives in being at the time the deed was delivered. For, as previously stated, since this deed became effective numerous children and grandchildren of grantor have come into being; so that it is not only possible but probable that unborn children of unborn children, at the date of the delivery of the deed under its provisions, would take interests in this tract of land. This being true, the grant as to grandchildren is void for remoteness.

The decree of the chancellor is affirmed.