COCHRAN *et al. v.* FRIERSON *et al.*

(*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

FRIERSON & QUEENER, of Columbia, for petitioners W. Vance Thompson et al.

R. L. HARRIS, JR., of Columbia, for Clark J. Cochran and B. Coleman Renick.

SHELTON & SHELTON, of Columbia, for Helen Clark Jones Shapard, Harriett Jones Quin, Gertrude L. Hitch, Frank D. Lander III and Thomas J. Jones.

MacFarland & Allen, of Columbia, Cecil Sims, of Nashville, and King & Houghton, of St. Petersburg, Fla., for original defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

Certiorari has been granted and this cause orally argued at the bar of this Court. The controversy involves the title to a tract of 194 acres of land situated in Maury County, Tennessee. The Court of Appeals affirmed the Chancellor in holding that Luan T. Martin was the owner in fee of the land at the time of her death and had a right to dispose of it by will.

Mrs. Kate S. Stephenson was the owner of the fee simple estate in this land prior to June 1, 1886. She was married to John J. Stephenson and they had one child, then an unmarried daughter, Luan T. Stephenson. On June 1, 1886 Mrs. Stephenson and her husband for love and affection conveyed the property in question to their daughter for life, then to her issue surviving her and in default of such issue, the land was to revert to Mrs. Stephenson or her heirs. The material part of the deed is as follows:

"* * * we do hereby grant, release and convey unto sd. Luan T. Stephenson for the term of her natural life, & then to her children & the issue of any child or children of sd. Luan T. Stephenson, who may be dead at the termination of her life estate, leaving issue then surviving—the issue to represent the deceased parent—a certain tract or parcel of land (describing it). * * * In default of children or issue of sd. Luan T. Stephenson living at the termination of her life estate in sd. tract of land, then sd. tract of land will revert to the undersigned Kate S. Stephenson, or her heirs."

Luan T. Stephenson married Henry Martin and was later referred to as Lulie S. Martin and she never had a child born to her. Mrs Stephenson died without a will in 1920, leaving her only child as her sole heir at law. Henry Martin died in 1938. Lulie S. Martin died testate April 2, 1950.

Mrs. Stephenson left a number of nieces and nephews who, when her only child died without issue in 1950, became her heirs at law and they now claim this land by inheritance from Mrs. Stephenson, so then the controversy is between the heirs of Mrs. Stephenson and the devisees under the residuary clause of the will of Lulie S. Martin.

The heirs of Mrs. Stephenson contend that the deed in question conveyed the land to her daughter, Luan T. Stephenson, for life, with remainder in fee to Luan's surviving issue, and in default of such issue, the land would revert to the grantor, if living; if not, to her heirs, and that the deed of 1886 conveyed a life estate to Luan and contingent remainders in fee to her issue, and that on Luan's death without issue in 1950, the life estate ended, the intermediate remainders failed and the ultimate remainder took effect and the fee simple title vested in the heirs of Mrs. Stephenson.

On the other hand, the devisees under the will of Lulie S. Martin contend that the deed conveyed a life estate to Luan, a contingent remainder to her issue living, the reversion in the grantor and providing that in default of such issue, the land would revert to the grantor or her heirs; that the estate in reversion continued in the grantor until she died without will in 1920 and the reversion passed to Luan by inheritance and that Luan was then vested with the fee, subject to a contingent remainder to her issue, and that she, dying without issue, this remainder failed and the fee simple estate passed to the devisees under her will.

The question is whether the ultimate estate was a reversion or a contingent remainder and whether the deed left a residue of the fee or reversion in the grantor, or granted out the whole of the fee.

In disposing of this question, we quote extensively from the opinion of the Court of Appeals prepared by Judge Felts of that Court, as we feel that he has fully and convincingly disposed of the question.

The opinion of the Court of Appeals stated:

"So there are two distinct common law rules; one where a grantor makes a limitation to another for

life with remainder to such other's heirs, and the other where such remainder is to the grantor or his heirs. The first of these is known as the rule in *Shelley's Case* (1 Coke Rep. 104, 76 Eng. Rep. 233), and the other is known as the rule that a grantor cannot create an ultimate remainder in himself or his heirs."

The rule in Shelley's case has been repealed in Tennessee, Code, Sec. 7600.

The rule was applied in *Robinson* v. *Blankenship*, 116 Tenn. 394, 92 S. W. 854. In that case it appeared that Blankenship made a deed in 1888 conveying real estate to his wife for life with remainder to himself or his heirs. The habendum was: "To have and to hold unto the said M. A. Blankenship during her natural life (or so long as she may remain a widow in the event I should die before she does), together with all the appurtenances thereunto belonging, with remainder to me in event she should die before I do, and, should she survive me, then at her death or marriage to my heirs at law."

In 1895, he made a second deed conveying the same real estate to his wife in fee simple, subject to his right to occupy the land and receive the rents during her life. He later died, leaving her surviving him and leaving two heirs—his daughter and a son of his deceased son. The Court held that he could not create a remainder to himself or to his heirs at law, as he undertook to do by his first deed; that his heirs took nothing under that deed; that after that deed, the reversion remained in him until he conveyed it by a second deed to his wife; and that she acquired the fee simple estate and his heirs had no interest in the land.

In the Blankenship case, supra, the Court pointed out that the rule in Shelley's case had been recognized as a

rule of property and it required the Act of 1851-52, now Code, Sec. 7600, to abolish that rule; but that that Act did not reach the other rule because that rule was distinct from the rule in Shelley's case and was wholly outside the terms of that Act. .

The Court went on to state that no statute has ever been passed affecting this rule.

It is to be observed that the limitation in the deed of Mrs. Stephenson to herself or her heirs was not a remainder but a reversion. This reversion remained in her and, on her death, passed to her daughter Luan, thereby vesting in the latter a fee simple estate, and on her death without issue, the title passed under her will to her devisees, respondents here. *Hassell* v. *Sims,* 176 Tenn. 318, 141 S. W. (2d) 472; *First Nat. Bank* v. *Pointer,* 174 Tenn. 472, 126 S. W. (2d) 335.

The heirs of the grantor, however, contend that the rule stated in *Robinson* v. *Blankenship* is only a rule of construction or intention, and not a rule of property.

However, the rule in that case has been the law in Tennessee for more than forty-five years and it was clearly stated in that case that it was necessary for the Legislature to pass a law to change the rule long recognized in this state.

In England it was recognized that it was necessary to change the rule by Act of Parliament, and this Act was passed in 1833.

Mrs. Stephenson's deed was executed in 1886. The deed involved in the Blankenship case was dated 1888. This Court construed the Blankenship deed in 1906. This construction began the law as to all deeds executed before 1888.

For us to overrule *Robinson* v. *Blankenship* would be for us to strike down this common law rule of prop-

erty adhered to in the state during its entire history and would be tantamount to passing judicial legislation. This we decline to do.

It results that we approve the holding of the Chancellor and the Court of Appeals. Affirmed.

TOMLINSON, Justice, not participating.