MRS. KATHERINE RICE LOWE et al., Appellants, v. ANNE RICE et al., Appellees.—291 S. W. (2d) 287.

Western Section, at Jackson. March 16, 1956.

Petition for Certiorari denied by Supreme Court, June 8, 1956.

Riley & Riley, Ridgely, and Holmes & Holmes, Trenton, for appellants.

Fleming Hodges, Dyersburg, guardian ad litem for appellees.

BEJACH, J. The appeal in this cause involves construction of Item VII of the will of Ernest Rice, deceased, who will be referred to as Ernest Rice, Sr. to avoid confusion with his son, Ernest Rice, Jr. and his grandson, Ernest Rice, III.

The original bill was filed in the Common Law and Chancery Court of Dyer County. The primary object of the litigation was to obtain approval and ratification by the court of a proposed exchange of land in which minor grandchildren of Ernest Rice, Sr. were tenants in common, together with other parties to the suit. The court approved the exchange of lands, but in construing Item VII of the will referred to,—which construction was material to the law suit,—placed a construction thereon different from that contended for by complainants. Complainants thereupon excepted, prayed, and have perfected an appeal to this Court.

The cause was heard September 8, 1955 before Hon. Robert D. Jones, Judge, on the bill, the answers of the guardian ad litem, the exhibits and depositions. The

facts, all of which are undisputed, are established by the depositions and are as follows:

Ernest Rice, Sr. died February 15, 1950 leaving surviving him his widow, Mrs. Katherine Rice, two sons, Ernest Rice, Jr., and Henry K. Rice, one daughter, Mrs. Katherine Rice Lowe, and six grandchildren,—all of whom were minors at the time of his death. These grandchildren were, Ernest Rice, III, Anne Estes Rice (children of Ernest Rice, Jr.), Harold Lowe, Jr. and Katherine Lowe (children of Mrs. Katherine Rice Lowe), and Eleanor Rice and Susanne Rice (children of Henry K. Rice). Since the death of Ernest Rice, Sr., Ernest Rice, III and Harold Lowe, Jr. have attained their majority. They joined as complainants, together with Ernest Rice, Jr., Henry K. Rice, Mrs. Katherine Rice Lowe, and Harold Lowe, Sr., individually and as guardians of their respective minor children. Katherine Lowe has intermarried with a Mr. Ebersole and is named as a party defendant as Katherine Lowe Ebersole.

Since the death of Ernest Rice, Sr., but prior to the death of his widow, Mrs. Katherine Rice, who died May 31, 1952, another child was born to Henry K. Rice. This child, Henry Rice, Jr., is made a party defendant, together with the other minor grandchildren, and the unborn children of Ernest Rice, Jr., Henry K. Rice, and Mrs. Katherine Rice Lowe.

At the date of his death, Ernest Rice, Sr., owned a one-half undivided interest in a tract of approximately 750 acres of land in Dyer County, the other one-half interest being owned by Messrs. Glenard and Noel Riley of Ridgely, Tennessee. This undivided half interest is the subject matter of Item VII of the will of Ernest Rice, Sr.

The only question presented by the appeal is whether or not the unborn grandchildren of Ernest Rice, Sr. will share in the land devised by Item VII, or in the land exchanged for same with the approval of the court. The land so exchanged will, of course, be subject to the provisions of the will just as was therein provided for the land devised by it. The Judge approved the exchange as being for the manifest interest of the minors. It is conceded that the grandchild born after the death of Ernest Rice, Sr. but before the death of his widow, is entitled to share in this land. The Judge so ruled, and also ruled that any grandchildren of Ernest Rice, Sr. hereafter to be born, will also share. That is the ruling which is questioned by the present appeal.

The entire will of Ernest Rice, Sr. is made an exhibit to the original bill in this cause, and is, of course, copied into the record before us. It is a long will consisting of some nine pages of typewritten legal cap paper. Inasmuch as the other items of the will throw no light on the proper construction of Item VII of same, and as that is the only item, construction of which is involved on the present appeal, that item only need be copied into this opinion. It is as follows:

"Item VII

"I, likewise, devise and bequest unto my sons Ernest Rice, Jr., and Henry Rice, as Trustees, for the use and benefit of my wife, Mrs. Katherine Rice, for and during her natural life only, my one-half of that tract of land in the sixteenth Civil District of Dyer County, Tennessee, now owned jointly by me and the Riley Brothers of Ridgely, Tennessee. This land is encumbered, however, if it shall be found nec-

essary or expedient to sell said property in order to pay estate or other taxes at the time of my death, then the said Trustees shall have the right, but in that event, should the amount of other properties equal the value of the necessary interest of the said, Mrs. Katherine Rice, in this tract it shall be placed in Trust for her with the profits and soforth going to her during her life. She shall not have the right to encumber in any way the life estate given her in one-half interest in this tract, nor shall she be permitted to assign, transfer, or convey her interest in rents and profits on said property.

"In the event of her death the remainder interest is hereby devised as tenants in common to all my Grandchildren, six now in number, i. e., Ernest Rice, III, Anne Rice, (children of my son Ernest Rice, Jr.), Harold G. Lowe, Katherine Lowe, (children of my daughter Katherine Rice Lowe) and Eleanor Rice, Susanne Rice (children of my son Henry Klyce Rice), and any other Grandchildren hereafter born to my three children."

Only the last paragraph of the above quoted Item VII is involved in the present litigation.

Appellants' assignment of error is as follows:

"Assignment of Error

"The Court erred in holding that any child or children born to Ernest Rice, Jr., Henry K. Rice or Mrs. Katherine Rice Lowe after the termination of the life estate or trust will take an interest in the lands devised in remainder by Item VII of the will of Ernest Rice, Sr.

"This was error because:

"(a) Such was not the intention of the testator.

"(b) The entire estate in remainder must as a matter of law, vest, both in interest and possession, immediately upon the termination of ths trust or life estate, and will not open to let in any future born children."

█ Counsel for appellants and the guardian ad litem for the unborn grandchildren of Ernest Rice, Sr., agree that what is known as the class doctrine is not applicable to the devise made by Item VII, and in this, we think they are correct. As was said by Mr. Justice Neil, in Sanders v. Byrom, 112 Tenn. 472, 479-480, 79 S. W. 1028, 1030, quoting with approval Chancellor Cooper's opinion in Parrish v. Groomes, 1 Tenn. Ch. 581, 583:

" 'The general rule is that in gifts to a class, the class must be ascertained at the death of the testator. * * * A devise to a parent for life, and afterwards to his or her children, creates a vested remainder in the children living at the testator's death, which opens to let in after-born children, and, if there is no child living at the testator's death, creates an executory devise, which vests in the children as they come into being.' "

In his opinion in the case of Sanders v. Byrom, Mr. Justice Neil also quotes with approval from the opinion of Chancellor Cooper in Whitman v. Young, 1 Tenn. Ch. 586, as follows:

" 'The law favors the vesting of estates, and consequently the English rule is that the will speaks as of the death of the testator, and clothes the devisees

answering the description of the devise at that time with a vested and transmissible interest in the property devised, although the property is to be divided upon the happening of a future event, unless a clear intent to the contrary appears.' ''

Mr. Justice Neil collects and analyzes all of the previous Tennessee cases on the subject of the class doctrine and the common-law rule to which it forms an exception, in the cases of Sanders v. Byrom, 112 Tenn. 472, 79 S. W. 1028, and Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042, the opinion in which latter case was also written by him.

In the instant case, appellants present two contentions with reference to the language used in Item VII, which are:

1st. That properly construed, the language used manifests an intention to have the remainder interest in the land devised vest in those grandchildren living at the time of the death of the life tenant.

2nd. That, regardless of the testator's intention, it is a settled rule of property that they must so vest at that time and that this rule of property must prevail over the testator's intention, if such intention be in conflict.

■■ With reference to the first of these contentions, it is the opinion of this court that the language used by the testator, "to all my Grandchildren, six now in number", followed by the naming of these six, and then adding, "and any other Grandchildren hereafter born to my three children", clearly and unambiguously manifests an intention on the part of the testator to have all of his grandchildren, including those thereafter to be born, and whether born before or after the death of the life tenant, share in the devise. This completely refutes the first of

appellants' contentions. As was said by Mr. Chief Justice Neil, speaking for the Supreme Court in Burton v. Kinney, 191 Tenn. 1, 5, 231 S. W. (2d) 356, 357:

"It is a settled rule of construction of wills that the intention of the testator is absolutely controlling so long as that intention is not in conflict with some positive rule of law."

In support of their contention that if the language used in Item VII manifests an intention to include grandchildren born after the death of the life tenant, it violates a rule of property and therefore cannot be enforced, appellants cite Crockett v. Scott, Tenn., 284 S. W. (2d) 289; Burton v. Kinney, 191 Tenn. 1, 231 S. W. (2d) 356; Harris v. France, 33 Tenn. App. 333, 340, 232 S. W. (2d) 64; Hassell v. Sims, 176 Tenn. 318, 141 S. W. (2d) 472.

■■ Crockett v. Scott was a case which involved a devise which the Supreme Court held to be in violation of the rule against perpetuities, and therefore void. The rule against perpetuities, as was stated in that case, as well as in other cases on that subject, is a rule of law and not a rule of construction. Clearly, the devise involved in the instant case does not violate the rule against perpetuities, and if there is any other rule of law which it does violate, same has not been pointed out to us.

The case of Burton v. Kinney construed a will which devised a life estate to the testator's widow with remainder after her death to go in equal shares to the heirs of the widow and the heirs of the testator. No rule of law was violated by this disposition, and the court simply held that the devise to his own heirs vested at the death of the testator, while that to the heirs of his widow remained contingent until her death.

The case of Harris v. France, 33 Tenn. App. 333, 232 S. W. (2d) 64, involved construction of a will where the determinative question was whether or not the provisions of same violated the rule against perpetuities. There was also involved a question as to whether or not the provisions of the will came under the class doctrine. The court held that the rule against perpetuities had not been violated and that the class doctrine was not applicable. With reference to the latter question, Anderson, P. J., speaking for the Court of Appeals, said at page 349 of 33 Tenn. App., at page 71 of 232 S. W. (2d), after reviewing cases dealing with that subject,

"It is clear, therefore, that the class doctrine is no fixed rule of law to be applied without regard to the testator's intention, as for instance, is the rule against perpetuities. Upon the contrary, in this state as elsewhere, the rule for determining whether the gifts to several persons are gifts to them as a class or as individuals, is to ascertain the intention of the testator."

The case of Hassell v. Sims, 176 Tenn. 318, 141 S. W. (2d) 472, is another case involving the rule against perpetuities. The question arose in connection with construction of a deed which, it was held, violated the rule against perpetuities, although the same disposition of the property would have been good if it had been made by will instead of by deed.

Counsel for appellants also cite the case of **Blass v. Helms,** 93 Tenn. 166, 170, 23 S. W. 138, as authority for their contention that grandchildren of Ernest Rice, Sr. born after the death of his widow, the life tenant, must be excluded.

In Blass v. Helms the devise in question, was by the language of the will expressly limited to those children living at the time of the life tenant's death. The court simply gave effect to the testator's intention as expressed by the language which he had used in his will. The exclusion of afterborn children in that case, therefore merely carried out the expressed intention of the testator. The case constitutes no authority for the contention made by appellants in the instant case. On the contrary, it is authority for giving effect to the clearly expressed intention of the testator.

Under the decree appealed from in the instant case, all of the grandchildren of Ernest Rice, Sr., living at the time of the death of his widow, Mrs. Katherine Rice, have a vested estate in the land exchanged, with approval of the court, for that devised by Item VII of his will, which vested estate will, however, open up to include any other grandchildren who may be born hereafter. We think the decree correctly disposed of the issues involved in this cause, and same is in all things affirmed. This cause is, accordingly, remanded to the Common Law and Chancery Court of Dyer County, Tennessee for supervision and enforcement of its said decree, including the allowance of additional compensation to the guardian ad litem.

The costs of the appeal will be adjudged against appellants and their surety on the appeal bond.

Avery, P. J. (Western Section), and Carney, J., concur.