Owens *v.* Dunn and others.

Owens *v.* Dunn and others.

(*Knoxville.* October 12th, 1886.)

1. WILL. *Construction. Vested interest. "Class doctrine." Descent and distribution.*

   A testator made a will containing this clause: "It is my will that my property be kept together, under the direction of my wife and executors,     *     *     *     and that my children be as thoroughly educated as circumstances will admit of, and, as they marry off, give each a decent outfit, which shall be equal; and at the death of my beloved wife, the property to be equally divided between my children." *Held*, in a suit involving a construction of this portion of the will, that the "class doctrine" does not apply, but that, under the will, the children of testator took each a vested interest, at his death, which was transmissible by descent.

   Case cited and approved: Alexander *v.* Walsh, 3 Head, 492.

2. HUSBAND AND WIFE. *Estate by the courtesy. Estoppel. Waiver.*

   A husband will not be heard to assert his right as tenant by the courtesy to the lands of his deceased wife, after a delay of twelve years, wholly unexplained, during which he claimed the lands, and received the rents as guardian for his infant child.

---

FROM POLK.

---

Appeal from the Chancery Court of Polk County. W. M. BRADFORD, Ch.

E. H. Dunn died, testate, in 1863, leaving a widow and five children. He owned 600 to 800 acres of land, which he devised to his widow and

children by a clause in his will, set out in the opinion.

In 1868, complainant, Charles Owens, married Texas, a daughter of the testator. She died in 1869, leaving one child, T. C. Owens.

The bill was filed in 1881, by Charles Owens, against the widow and children of testator, and said T. C. Owens, to have said will construed, averring that his wife, Texas, took an undivided one-fifth thereunder in the lands devised, and that he was entitled, as tenant, by the courtesy to her interest therein, and to rents.

Testator's widow, to whom dower in said lands had been assigned, died pending this suit.

By way of defense for T. C. Owens, who was a minor, it was insisted and proven that complainant had never set up any claim to his wife's lands prior to filing his bill; that he had always claimed, and treated it, and received rents therefrom, as the guardian of said T. C. Owens. Complainant's bill was dismissed, and he appealed.

W. L. HARBISON for Complainant.

J. H. GAUT for Defendant.

FOLKES, J. This case involves the construction of the will of E. H. Dunn, probated in 1865.

"It is my will that my property be kept together, under the direction of my wife, and executors, A. P. Bradford and N. B. Dunn, and that my children be as thoroughly educated as circum-

stances will admit of, and as they marry off, give each a decent outfit, which shall be equal, and at the death of my beloved wife, the property to be equally divided between my children."

We are of opinion that the "class doctrine" does not apply to this case, but that under this will there was a vested interest, passing to the children of testator at the time of his death, and that upon the death of the daughter, Texas, the wife of complainant, her interest went to her only child, the minor defendant herein, under the statutes of descent and distribution.

While we have had the benefit of very learned arguments, involving the consideration of the numerous decisions in this State on this question, we quite agree with the Court in the case of *Alexander* v. *Walch*, 3 Head, 492, that "there has been enough written in our cases upon that doctrine, and it is only necessary to apply the principles settled upon it, to new cases as they may arise."

We do not think it important to determine whether, under the will, Texas was seized of such an estate during the life of the widow of testator (who died pending the suit in this Court), as would entitle her husband to an estate by the curtesy at her death, which occurred in 1869, for the reason that he will not be heard to assert such right, if it ever existed, after the long delay in setting up same, and which delay is wholly unexplained.

Especially is he to be repelled from a court of equity after his participation and continued acquiescence in the family settlement had in 1875, wherein the share of his deceased wife was allotted to his infant son, and which share complainant took possession of as guardian for his said son.

The bill must be dismissed at complainant's cost.