BLASS *v.* HELMS.

(*Jackson.*   July 28, 1893.)

WILL.   *Class doctrine illustrated.*

A testator devised certain lands to his widow for life, and "at her death" to his son, and then provided that if the son should "die without any child or children living at the death of my wife, or if he should die after the death of my wife, without leaving any child or children, I devise the same to the living children of my daughter, Mrs. B., and the child or children of any of her children that may be dead." Both widow and son survived testator. The widow survived the son, who left no children. Testator's daughter, Mrs. B., had two children at the date of the widow's death, one of whom subsequently died without issue. She had likewise two other children born after the widow's death.

*Held:* 1. The children of Mrs. B. living at the date of the widow's death took the lands as a class, to the exclusion of the after-born children.   2. The survivor of the class took the entire fee upon the death of the other, to the exclusion of the after-born children.

Case cited and approved: Satterfield *v.* Mays, 11 Hum., 58.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.   W. D. BEARD, Ch.

B. W. HIRSCH, RANDOLPH & SONS, and JOHN P. EDMONDSON for Blass.

FRAYSER & HEATH and H. F. WALSH for Helms.

Blass *v.* Helms.

McALISTER, J. The only question arising in this case is in respect to the proper construction of the second item of the will of William English, which is as follows:

"*Item Second.*—I give, devise, and bequeath to my wife, Joanna English, for and during her natural life, my lot and the two brick houses thereon, situated on the north-west corner of Shelby and Beale Streets, fronting on Shelby Street forty-seven (47.3) feet and three inches, and running back on Beale Street eighty feet; and, at her death, I give and devise the said lot and houses above described to Michael English, the son of myself and present wife, Joanna; * * * and if my son, Michael English, die without any child or children living at the death of my wife, or, if he should die after the death of my wife, without leaving any child or children, I devise the above-described lot and houses to the living children of my daughter, Mrs. Margaret Briscoe, and the child or children of any of her children that may be dead," etc.

It appears from the record that the testator, William English, died in 1866, and that his widow, the said Joanna mentioned in the will, died in 1870. Michael English, the son of the testator, died in 1867, unmarried and without issue. Margaret Briscoe, the daughter of the testator referred to in the will, had three children by her first husband, to wit, Anderson, Paul F., and Mary Briscoe. Anderson Briscoe was born before the death of the testator, and is still alive. Mary F.

Briscoe was born February 1, 1869, and died in October, 1875; Paul F. Briscoe was born after the death of Joanna English, and is still alive.

The husband of Margaret Briscoe having died, she intermarried with one Helms, and by him had a son, Maurice E. Helms, who was born July 11, 1881, and is still surviving. The question presented for adjudication, therefore, is whether, under the will of William English, Paul F. Briscoe and Maurice E. Helms, children of Margaret Briscoe, who were born after the death of Joanna English, the life tenant, take any interest in the property.

The Chancellor held that, "under the second clause of the will, Joanna English took the property therein described for life, with a vested remainder in Michael English, determinable upon his dying during said life tenancy without children or survivor or survivors of any dead child living at the date of the death of the life tenant, or upon his death, after the death of said life tenant, without any child or children him surviving, with an executory devise over, upon the happening of either contingency, to the then living children of Margaret Briscoe, who, under the terms of said clause, were to take as a class."

The result of the decree of the Chancellor is that Anderson Briscoe and Mary F. Briscoe, children of Margaret Briscoe, who were born before the death of Joanna English, the life tenant, were entitled to the whole property, and that the afterborn children of Margaret Briscoe took no interest.

He further held that Anderson Briscoe, having survived his sister, Mary F. Briscoe, as her heir, took the whole fee.

It is assigned as error that the Court erred in its construction of the will of William English, and that Anderson Briscoe and Mary Briscoe are not the only persons interested in the devise; that the devise was to a class; that it was flexible, and let in after-born children. It is claimed that the word "living" used in this item of the will, is used in contradistinction to the word "dead" in the same phrase. The contention is that the phrase simply means that living children and the children of dead children are placed on the same footing, and that there is nothing in the will to indicate that the word "living" means living at the death of Joanna English, the life tenant. We think the decree of the Chancellor is correct. The law is well settled that where a particular estate is carved out and the remainder is devised to a class of persons, and a future period of distribution is fixed, such persons only will take who come within the class at the time of distribution, and children born after that period are excluded.

It is perfectly apparent from a consideration of this will that the devise was to the children of Margaret Briscoe as a class, and the death of Joanna English, the life tenant, was fixed upon as the period for distribution.

The second clause provides that if Michael English dies without issue before the death of Joanna,

then this property, on the death of Joanna, is to go to the living children of Margaret Briscoe—that is to say, to those children that may be living at the death of Joanna English.

As already stated, Michael English died in 1867, unmarried and without issue, while his mother, the said Joanna English, lived until 1870.

In *Satterfield* v. *Mays*, 11 Hum., 58, this Court said, viz.: "Where a bequest is made to a class of persons subject to fluctuation by increase or diminution of its numbers in consequence of future births or deaths, and the time of payment or distribution is fixed at a subsequent period, or on the happening of a future event, the entire interest vests in such persons only as at that time fall within the description of persons constituting such class."

In 2 Jarman on Wills, page 76, 2d Am. Ed., and also on page 704, Vol. 2, 5th Am. Ed., the rule is stated as follows: "Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution. Thus, in the case of a devise or bequest to A for life, and after his decease to the children of B, those living at the death of the testator, together with those who happen to be born during the life of A, the tenant for life, are entitled, but not those who come into existence after the death of A."

It was manifestly the intention of the testator, under the second clause of this will, to fix the death of his wife, and the termination of her life estate, as the period of distribution. This construction is obvious for several reasons, to wit: First, a life estate is carved out for the said Joanna English. The will then provides that at her *death*, "I give and devise the said lot to Michael English," clearly indicating that Michael English was not to take absolutely until after his mother's death.

The estate of Michael English was a vested remainder, but this remainder was determinable upon two contingencies, to wit: First, the death of the said Michael without issue *before* the death of Joanna, and, second, the death of Michael without issue *after* the death of Joanna.

It is manifest that it was clearly the intention of the testator to fix the death of his wife as the time for distribution.

The will next provides, viz.: "I devise the above described lots to the living children of my daughter, Margaret Briscoe, and the child or children of any of her children that may be dead." The term "living" children restricts the devise to such children as may be living at the death of said Joanna English, and such children who answer the general description when the distribution is to be made, are entitled to take in exclusion of those coming *in esse* after the death of the said Joanna.

The only children of Margaret Briscoe living at the death of Joanna, were Anderson Briscoe and

Mary F. Briscoe, who took the property absolutely' to the exclusion of Paul F. Briscoe and Maurice E. Helms, who were born long after the death of the said Joanna.   Mary F. Briscoe having died in infancy, her brother, the said Anderson Briscoe, as her heir at law, became vested with the title to the whole property.

The decree of the Chancellor is affirmed.