WADE M. SANDERS *et ux. v.* GEORGE W. BYROM *et al.*

(*Nashville.* December Term, 1903.)

1. **CLASS DOCTRINE.** Defined; and is applicable, when.

Where property is conveyed, devised, or bequeathed to a class of persons, subject to fluctuation by increase or diminution of its number in consequence of future births or deaths, and the time of enjoyment, division, payment, or distribution of the prop-. erty is fixed at a subsequent period, or on the happening of a future event, the entire interest vests in such persons, only as at that time fall within the descriptions of persons constituting such class, and members of the class antecedently dying are not actual objects of the gift. (*Post, pp.* 474-478, 480-482.)

Cases cited and approved: Frierson v. Van Buren, 7 Yer., 606; Satterfield v. Mayes, 11 Hum., 58; Deadrick v. Armour, 10 Hum., 588, 600, 601; Womack v. Smith, 11 Hum., 484; Morton v. Morton, 2 Swan, 318; Fulkerson v. Bullard, 3 Sneed, 260; Beasley v. Jenkins, 2 Head, 192; Parrish v. Groomes, 1 Tenn. Chy., 581, 583; Connell v. McKenna, 2 Shannon's Cases, 190; Land Co. v. Hill, 87 Tenn., 589, 595, 596; Franklin v. Franklin, 91 Tenn., 119, 123, 133, 134; Blass v. Helms, 93 Tenn., 166; Nichols v. Guthrie, 109 Tenn., 535.

2. **SAME.** Same. Case in judgment.

Where land is conveyed in trust for the benefit of a daughter for and during her natural life, and at her death to go to her children forever, the children take as a class, and not as individuals, and the entire estate vests in the children living at the death of the life tenant and mother; and a child dying prior to that time had no interest in the estate which she could transmit to her child and heir.

Sanders v. Byrom.

3. SAME. Same. Subsequent period for distribution is fixed, how.

The subsequent period may be fixed and established by the use of such expressions as "then living," referring to some event, as the death of a life tenant, but it is not necessarily indicated in this manner alone, as it may be indicated simply as at or after the death of some prior taker of the estate, or after a certain time. (Post, pp. 478-482.)

Cases cited and approved: Deadrick v. Armour, 10 Hum., 588, 600, 601; Land Co. v. Hill, 87 Tenn., 589, 595, 596; Blass v. Helms, 93 Tenn., 166; Nichols v. Guthrie, 109 Tenn., 535; Frierson v. Van Buren, 7 Yer., 606; Satterfield v. Mayes, 11 Hum., 58; Beasley v. Jenkins, 2 Head, 192; Connell v. McKenna, 2 Shannon's Cases, 190; Parrish v. Groomes, 1 Tenn. Chy., 581, 583; Fulkerson v. Bullard, 3 Sneed, 260.

4. SAME. Exceptions to rule in first headnote arise, when.

The exceptions to the rule in the first headnote arise where the class notion is disintegrated, by finding in the will or deed, as the case may be, some indication of a purpose to create a separate or severable interest; and such separate or severable interest has been established in quite a number of the cases on slight grounds, yet the grounds were sufficient to support the distinction. (Post, pp. 476, 478-482.)

Cases cited and approved: Cathey v. Cathey, 9 Hum., 470; Bridgewater v. Gordon, 2 Sneed, 5; Harris v. Alderson, 4 Sneed, 250; Petty v. Moore, 5 Sneed, 126; Alexander v. Walch, 3 Head, 493; McClung v. McMillan, 1 Heis., 655; Puryear v. Edmonson, 4 Heis., 43; Bowers v. Bowers, 4 Heis., 294; Green v. Davidson, 4 Bax., 488, 490, 491; Allen v. Allen, 2 Tenn. Chy., 28, 32; Whitman v. Young, 1 Tenn. Chy., 586; Davis v. Goforth, 1 Lea, 31; Elkins v. Carsey, 3 Shannon's Cases, 293; Owens v. Dunn, 85 Tenn., 131; Balch v. Johnson, 106 Tenn., 249-254; Smith v. Smith, 108 Tenn., 21.

Cases cited and distinguished: Ward v. Saunders, 3 Sneed, 387, 390, 393; Elkins v. Carsey, 3 Shannon's Cases, 293.

FROM FRANKLIN.

Appeal from the Chancery Court of Franklin County.
—T. M. McConnell, Chancellor.

Lynch & Lynch and O. W. Anderson, for complainants.

Estill & Littleton, for defendants.

Mr. Justice Neil delivered the opinion of the Court.

On the twenty-seventh day of October, 1852, James B. Stovall executed a deed, in which he disposed of certain property as follows: To E. A. Ikard, in trust for his daughter, Virginia Stovall, "for and during her natural life, and at her death to her children forever; . . . that is to say, for the sole and separate use and benefit of my daughter, Virginia, during her natural life, and at her death to go to her children forever."

Virginia Stovall intermarried with the defendant George W. Byrom, and had four children. One of these —Mollie—intermarried with one Simpson, and died intestate, leaving the complainant Vera, wife of Wade M. Sanders, as her only heir at law. Mrs. Mollie Simpson, above mentioned, the mother of Mrs. Sanders and

daughter of Mrs. Virginia Byrom, died before the decease of her mother.

The bill alleges that the complainant Vera, claiming in right of her mother, Mrs. Mollie Simpson, is entitled to one-fourth of the trust estate.

There was a demurrer to the bill, which raised the point that, inasmuch as the mother of the complainant Vera died prior to the decease of the life tenant, she acquired no interest in the trust estate which she could transmit to her daughter, the complainant Vera, and that the latter therefore had no interest in the property sought to be reached by the bill.

The chancellor sustained the demurrer and dismissed the bill.

The court of chancery appeals reversed the decree of the chancellor, and from this latter judgment an appeal has been prosecuted to this court.

The question to be determined is whether the provision copied from the deed falls within what is known in this State as the "class doctrine."

On the one hand, it is insisted that the provision made for the children of Virginia Stovall was to them as a class, and on the other side this is controverted.

There are numerous decisions on the subject, both those stating the rule and those stating exceptions to it. In disposing of the present case we have carefully reread all of them.

Those supporting the rule known as the class doctrine are as follows: *Frierson* v. *Van Buren* (1835), 7

Yerg., 606, 27 Am. Dec., 528; *Satterfield* v. *Mayes* (1850), 11 Hum., 58; *Deadrick* v. *Armour* (1850), 10 Hum., 588, 600, 601; *Womack v. Smith* (1850), 11 Hum., 484, 54 Am. Dec., 51; *Morton* v. *Morton* (1852), 2 Swan, 318; *Fulkerson* v. *Bullard* (1855), 3 Sneed, 260; *Beasley* v. *Jenkins* (1858), 2 Head, 192; *Parrish* v. *Groomes* (1874), 1 Tenn. Ch., 581, 583; *Connell* v. *McKenna* (1876), 2 Tenn. Cas., 190; *Land Co.* v. *Hill* (1889), 87 Tenn., 589, 595, 596, 11 S. W., 797; *Franklin* v. *Franklin* (1892), 91 Tenn., 119, 123, 133, 134, 18 S. W., 61; *Blass* v. *Helms* (1893), 93 Tenn., 166, 23 S. W., 138; *Nichols* v. *Guthrie* (1902), 109 Tenn., 535, 73 S. W., 107.

The exceptions to the rule are found in the following cases: *Cathey* v. *Cathey* (1848), 9 Hum., 470, 49 Am. Dec., 714; *Bridgewater* v. *Gordon* (1854), 2 Sneed, 5; *Ward* v. *Saunders* (1855), 3 Sneed, 387, 390, 393; *Harris* v. *Alderson* (1856), 4 Sneed, 250; *Petty* v. *Moore,* (1857), 5 Sneed, 126; *Alexander* v. *Walch* (1859), 3 Head, 493; *McClung* v. *McMillan* (1870), 1 Heisk., 655; *Puryear* v. *Edmondson* (1871), 4 Heisk., 43; *Green* v. *Davidson* (1874), 4 Baxt., 488, 490, 491; *Allen* v. *Allen* (1874), 2 Tenn. Ch., 28, 32; *Whitman* v. *Young* (1875), 1 Tenn. Ch., 586; *Davis* v. *Goforth* (1878), 1 Lea, 31; *Elkins* v. *Carsey* (1886), 3 Tenn. Cas., 293; *Owens* v. *Dunn* (1886), 85 Tenn., 131, 2 S. W., 29; *Balch* v. *Johnson* (1901), 106 Tenn., 249-254, 61 S. W., 289; *Smith* v. *Smith* (1901), 108 Tenn., 21, 64 S. W., 483.

It would be a useless consumption of time to undertake to discuss these cases separately. All that is necessary is to state the rule and then compare the case with it.

The leading authority upon the rule is *Satterfield* v. *Mayes*. In that case it is thus stated:

"Where a bequest is made to a class of persons, subject to fluctuation by increase or diminution of its number in consequence of future births or death, and the time of payment or distribution of the fund is fixed at a subsequent period, or on the happening of a future event, the entire interest vests in such persons only as at that time fall within the description of persons constituting such class. As if property be given simply to the children or to the brothers or sisters of A. equally, to be divided between them, the entire subject of the gift will vest in any one child, brother, or sister, or in larger number of these objects surviving at the period of distribution, without regard to previous deaths. Members of the class antecedently dying are not actual objects of the gift. . . . This rule, of course, does not apply where the bequest is to individuals *nominatim,* as in the case of a gift to A., B., and C., children or brothers of D., because this would not be a gift to them as a class."

It is observed that there are three elements in the rule. One is that there must be a class of persons subject to fluctuation by increase or diminution of its number; second, that the bequest must be to the class;

and, third, that the time of payment or distribution must be fixed at a subsequent period. All of the cases, except two, to be presently noted, establish exceptions to the rule by distintegrating the class notion— that is, by finding in the will or deed, as the case may be, some indication of a purpose to create a separate or severable interest; and such separate or severable interest as has been established in quite a number of the cases on slight grounds, yet sufficient to support the distinction. The two cases which we refer to as not being based on the ground last stated are *Ward* v. *Saunders,* supra, and *Elkins* v. *Carsey,* supra, which practically ignore the rule entirely; but these cases are not in line either with previous or subsequent cases.

As to the fixing of a period, many of the cases do so by use of such expressions as "then living," referring to some event; as, for example, the death of a life tenant. This occurs in *Deadrick* v. *Armour, Land Co.* v. *Hill, Blass* v. *Helms,* and *Nichols* v. *Guthrie.* But the establishment of the subsequent period is not necessarily indicated in this manner alone, as will be seen by an examination of *Frierson* v. *Van Buren, Satterfield* v. *Mayes, Beasley* v. *Jenkins, Connell* v. *McKenna,* and *Parrish* v. *Groomes,* wherein the future event is indicated simply as at or after the death of some prior taker of the estate, and in *Fulkerson* v. *Bullard* the expression used is "after five years."

We think it must be held, under the authorities, that the present case falls within the rule. That a devise or

conveyance to children without indicating any special individual or individuals creates a provision in favor of a class of persons we think there can be no doubt. That such a class is subject to fluctuation by increase or diminution there can equally be no doubt. That the death of the prior holder of an estate may be made the event upon which the distribution is to turn is equally clear under the authorities. The present case falls within every element of the rule, and must therefor be governed by it.

It is insisted that it is the policy of the law that estates should vest. This is true, and, in order to satisfy that policy, numerous cases which we have cited as exceptions to the rule show the effort the court had made to find some provision in the deed or will to indicate that not a class, but separate individuals were intended. In the present instrument it is impossible to find any such indication.

It is insisted further that it has been held in this State that, where a devise is made to A. for life, and at his death to his children, those living at the death of the testator take vested estates, and as subsequent persons within the description of the class come into being, the estate opens to let them in, and that, if any die leaving a child or children, the latter will take the place of the parent.

Chancellor Cooper, in *Parrish* v. *Groomes,* supra, thus correctly disposes of this suggestion: "The general rule is that in gifts to a class, the class must be as-

certained at the death of the testator. . . . A devise to a parent for life, and afterwards to his or her children, creates a vested remainder in the children living at the testator's death, which opens to let in after-born children, and, if there is no child living at the testator's death, creates an executory devise, which vests in the children as they come into being. *Goodwyn* v. *Goodwyn*, 1 Ves., 226; *Leake* v. *Robinson*, 2 Mer., 382; *Adams* v. *Roberts*, Beav., 25, 658; *Bullock* v. *Downs,* 9 H. L., 1; *Collin* v. *Collin,* 1 Barb. Ch., 630, 45 Am. Dec., 420. And the same rules apply if the devise over be to the children of a third person. *Devisme* v. *Devisme,* 1 Bro. C. C., 537; *Parkham* v. *Gregory,* 4 Hare, 396. In theory these principles are also recognized by our courts to be correct. *Bridgewater* v. *Gordon,* 2 Sneed, 5; *Puryear* v. *Edmondson,* 4 Heisk., 43. But our decisions have made an exception to these rules in precisely such devises as the one now under consideration. It has been held that when a bequest is made to a class of persons subject to fluctuation by increase or diminution in numbers in consequence of future births and deaths, and the time of payment or distribution of the fund is fixed at a subsequent period or on the happening of a future event, the entire interest vests in such persons only as at that time fall within the description of such persons constituting such classes; and this in the absence of anything in the will showing such to have been the intention of the testator, except the mere fact that the time of distribution is thus postponed. *Satter-*

*field* v. *Mayes,* 11 Hum., 58.   In other words, in this class of devises the common-law rule is reversed, and a mere postponement of the time of distribution will prevent the vesting of a legacy in the individual legatees of the class unless the testator express an intention to the contrary."

The bequest under consideration in *Parrish* v. *Groomes,* was: "I bequeath to my wife, Martha C. Parrish, all of my real estate, goods and chattels, that I now possess, during her natural life.   I bequeath to my wife, Martha C. Parrish, $2,000 of my property, to be disposed of as she may see proper.   The balance of my property at my wife's decease to be distributed equally between my lawful heirs."

Again, speaking upon the same subject, Chancellor Cooper said in *Whitman* v. *Young:* "The law favors the vesting of estates, and consequently the English rule is that the will speaks as of the death of the testator, and clothes the devisees answering the description of the devise at that time with a vested and transmissible interest in the property devised, although the property is to be divided upon the happening of a future event, unless a clear intent to the contrary appears. The presumption of law in favor of vesting *in praesenti* controls, unless the language used is such as to show that the testator intended to give the property to persons answering the description at the time when the devisee was to receive possession.   Under this rule a devise to testator's widow for life, afterwards to testa-

tor's children then living, would go only to the children who might be living at the death of the widow. On the contrary, a devise to widow for life and at her death to testator's children, would vest in the children at testator's death. The general rule prevails in this State, except where the devisees in remainder are so described as to embrace a fluctuating class"—citing for the last proposition *Satterfield* v. *Mayes*, 11 Hum., 58.

The common-law rule was discussed and applied in *Bowers* v. *Bowers*, 4 Heisk., 294, but the facts of that case did not bring it under the class doctrine. It was also cited and discussed in *Smith* v. *Smith*, but the facts of that case also failed to bring it under the class doctrine, for the reason of the severable interest in the beneficiaries of the estate.

The authorities of this State are clear that, where the facts of a case bring it within the class doctrine, the case must be controlled by that doctrine, and not by the common-law rule. Under the class doctrine "the estate vests in the described class as a class, and not individually in the persons composing such class, and the entire subject of the gift survives to and vests in the persons constituting such class at the period when payment or distribution of the fund is to be made." *Satterfield* v. *Mayes*, 11 Hum., 60.

It follows that the decree of the court of chancery appeals must be reversed, and the judgment of the chancellor sustaining the demurrer and dismissing the bill must be affirmed.