Mrs. Blanche H. Karsch

*v.*

Z. D. Atkins, Commissioner of Finance and Taxation of the State of Tennessee.

(*Nashville,* December Term, 1957.)

Opinion filed April 9, 1958.

JOHN W. APPERSON, APPERSON, CRUMP, DUZANE & MC-RAE, Memphis, for appellant.

ALLISON B. HUMPHREYS, Solicitor General, MILTON P. RICE, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit originated with a bill filed on behalf of Mrs. Karsch, the settlor, to recover a gift tax paid the State under protest. The bill was demurred to on the ground that it showed on its face that the complaint was liable for the tax. The Chancellor sustained the demurrer. The cause has been duly appealed, briefs filed and able arguments heard. We now have the matter for determination.

On July 1, 1942, Mrs. Karsch created a trust for the benefit of her daughter for life and for the benefit of any child or children of the body of this daughter "or by legal adoption".

The subject of the tax in the instant case were gifts made to this trust in 1955 and 1956. At the time these gifts were made the daughter of Mrs. Karsch was 43 years of age in 1955 and she was 44 at the time of the gift in 1956. At the time the bill was filed she was 45 years of age. Mrs. Karsch took the position that the beneficiaries under this trust were Class A, while the Commissioner was of the opinion that the beneficiaries were Class B remaindermen and the gift was so assessed under the Statute. The Statute covering gift taxes begins at Section 67-2501, T.C.A., and follows through a number of sections covering the subject.

Mrs. Karsch's daughter had no children but did have an adopted child. It was the Commissioner's position that since the class was not limited to Class A donees, Section 67-2505, T.C.A., and that the only representative of the class was a Class B representative then it was his duty to assess the tax on the Class B basis.

The relative statutory provision with respect to Class A and Class B gifts is contained in Section 67-2505, T.C.A. It is conceded that the present remaindermen of the beneficiary of this trust is a Class B remainderman. The Statute (Section 67-2505, T.C.A.) gives a $10,000 exemption for Class A gifts while it only gives a $5,000 exemption for Class B gifts.

Mrs. Karsch contends that the gift in remainder is a contingent remainder in which the donees will not

be ascertained until the life tenant dies and, since the remainder includes children who would be Class A if there were any, the tax is payable at the Class A rate. This contention and argument is based upon the well recognized principle that in contemplation of law the possibility of issue is never extinguished until death. *Bigley v. Watson,* 98 Tenn. 353, 39 S.W. 525, 38 L.R.A. 679; *Jordan v. Jordan,* 145 Tenn. 378, 239 S.W. 423. In other words the argument is that Mrs. Hill, the daughter and primary beneficiary under the trust, is now 45 years of age and that it is entirely possible for her to have children legally as long as she lives; that since there is this possibility then the tax should be assessed on the basis of a Class A beneficiary rather than on the basis of the Class B. The only beneficiary now being in existence is this adopted son. The argument is further made that the tax should be assessed as Class A because this adopted son merely takes the vested remainder subject to be divested should he die without issue before his mother or before he becomes 30 years of age, or it is subject also to be cut down if his foster mother should have a child or children of her own body. Thus it is that we have the present lawsuit for our determination.

It was the contention of the Commissioner that since the gift is to a class which by its very terms is not a gift to a Class A beneficiary, and since the only living member of the class to which the gift is made is a Class B beneficiary, the tax should be paid on the Class B basis. This contention was accepted by the Chancellor. Of course it is recognized that legally there is a possibility that the Class A donees may be born, but of course this does not affect the settlor's liability to pay a tax on the

basis of the status of the donee at the time that the gift is made, because there is nothing in the statute to relieve the donee of this liability. Section 67-2514, T.C.A., provides that the gift is due and payable on the 15th of March, following the calendar year in which the gift is paid, and it makes no exceptions nor can we find any exception anywhere in the statutes based on the remote or legal possibilities that Mrs. Hill might have children.

It seems to us that the Legislature by enacting Section 67-2508, T.C.A., has clearly indicated that contingent estates are not a favored object of the gift tax statute. One of the primary contentions of the appellant is that since the inheritance tax statute (Section 30-1615, T.C.A.) does provide for a waiting period, waiting on these contingencies, then we as a court should engraft such an intention or right or duty on the Commissioner in the collection of the gift tax.

By virtue of Section 32-305, T.C.A., where applicable, the rule now is that notwithstanding that the time of payment or distribution of the estate is fixed at a subsequent period, or upon the happening of a future event, the individual members of the class will take vested transmissible interest unless the will, considered as a whole in the light of all the circumstances, mainfests a clear intention to the contrary. Thus it is that the remainder in the instant case is unquestionably vested so that it will descend to the donee's children just as any other vested remainder would. This being true, that is, that the remainder is vested, even though it might open up upon the birth of children to Mrs. Hill to let in other class members it is at the present time vested in the Class B donee and the Commissioner is admonished to collect the tax

on March 15, subsequent to the time that the money is given, the donation is made, and he is given no latitude by the statute to extend this time. As we read the provisions of this trust instrument which are in this record, there is nothing to indicate that this class doctrine statute (Section 32-305, T.C.A.) was not intended to apply.

This statute contains in its concluding sentence a recognition that a remainder to a class can be construed as contingent. It seems to us though from the language of this statute that an intention to make the remainder contingent must be more or less expressly stated. As we see it the rule should be, in view of this statute, that the estate will be treated as vested unless the contrary is expressly provided for in the will. This is what the statute says—and we must apply it as it reads.

The appellant argues forcefully and ably that the rule of strict construction of tax statutes should be applied. This rule of course is well recognized in our cases and is to the effect that statutes providing for taxation are to be strictly construed as against the taxing power and in favor of the taxpayer. This rule has no application here because the Legislature has levied this gift tax on all gifts of property and Mrs. Karsch concededly has made gifts of property. The tax statute unquestionably operates on this gift. There is no exemption or latitude given the Commissioner to stay or withhold the assessment of the gift tax when there is a possibility that others might come and change the classification upon which the tax is levied. This is a question that confines itself and must be directed to the Legislative branch of the Government and not to the Judicial branch. The Legislature did see fit to engraft such a compromise or settlement or

stay provision in the inheritance tax act, Section 30-1615, T.C.A., but no such provision is contained in the gift tax statute under which this tax is assessed.

■ We agree with the Commissioner that the applicable rule here was stated by this Court in *English v. Crenshaw,* 120 Tenn. 531, 537, 110 S.W. 210, 17 L.R.A., N.S., 753, wherein it was held that statutes imposing taxes will not be extended by construction to subjects or objects outside their domain, but that exemptions from taxation must positively appear by statute and no implication arises that any property or subject or object of taxation was intended to be excluded if it comes within the purview of the Act.

We have read and re-read the briefs filed herein three or four times, as well as the authorities and the statutes and have made an independent survey of the matter ourselves as contained in the authorities. After having done this we are contained to affirm the decree of the Chancellor.