HERBERT R. McCARLEY, Executor, and W. CURTIS POPE, Administrator, C.T.A., Appellees,

*v.*

THOMAS H. McCARLEY, SR., THOMAS H. McCARLEY, JR., KAREN SUE McCARLEY, THOMAS H. McCARLEY, III, GEORGE REESE McCARLEY, JEAN ELLEN McCARLEY, ELIZABETH Mc-CARLEY, MARGARET FRANCES McCARLEY, HERBERT R. Mc-CARLEY and Unborn Children of HERBERT R. McCARLEY and THOMAS H. McCARLEY, JR., Appellants.

360 S.W.2d 27.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

MATTHEWS, THOMPSON, MATTHEWS & JONES, Memphis, for T. H. McCarley, Jr.

WADE H. SIDES, JR., Memphis, guardian ad litem for unborn children of T. H. McCarley, Jr., and H. R. Mc-Carley.

W. CURTIS POPE, CLYDE MASON, Memphis, for appellees.

MR. SPECIAL JUSTICE TOMLINSON, delivered the opinion of the Court.

This appeal is from the construction placed by the Chancellor upon the will of Mrs. Reese A. McCarley. The conflicting contentions are that the will is (1) entirely invalid, (2) entirely valid and (3) invalid in part and valid in part. This last contention is the conclusion reached by the Chancellor.

It is necessary at the beginning to determine the intentions of the testatrix. Those intentions control the

result, in so far as they are not in conflict with positive rules of law. As observed in *Burton et al v. Kinney et al.*, 191 Tenn. 1, 5, 231 S.W.2d 356, 358, in approaching the task of ascertaining those intentions the Court is acutely aware that " 'wills and the construction of them do more preplex a man than any other learning' ", and, as illustrated by the many citations in the case at hand, " 'the cases almost overwhelm us at every step of our progress; and any attempts * * * to classify them, much less to harmonize them, is full of the most perilous labor.' " Some times, no doubt, they lead the Court into unconsciously making for the testator a will of which he never dreamed.

The will is brief. After giving the husband a small sum (he dissented), it, in so far as pertinent here, provides as follows:

## "II.

"The balance of my estate shall be held in trust and the income from said estate, after necessary expenses for the upkeep of property and taxes, be used exclusively for the college education of my grandchildren. Should two of said grandchildren attend college at the same time, the income from the estate shall be divided equally between them for tuition, supplies, and not more than $25.00 per month for spending money.

## "III.

"When the last grandchild has completed college, the estate shall be divided between my two sons; one-third (1/3) going to Thomas H. McCarley, Jr., and two-thirds to Herbert R. McCarley."

The facts are stipulated. They disclose that the testatrix left surviving her, in addition to her husband, two children, to-wit, Thomas H. McCarley, Jr. and Herbert R. McCarley, ages thirty-six (36) and thirty-three (33) years, respectively, and being the persons mentioned in Item III of the will. At the time of testatrix's death she had five (5) grandchildren, three (3) being children of Thomas H. McCarley, and ranging in age from thirteen (13) to six (6) years. The remaining two are the children of Herbert R. McCarley, ages four (4) and one (1) years, respectively. The value of the estate which passes into the trust for the purpose mentioned in Item II is approximately $45,000.00.

Those who insist that the will is entirely void base their contention upon the theory that the word "grandchildren" includes all grandchildren of the testatrix born either before or after her death; hence, that the beneficiaries named in the trust fall within a class subject to fluctuation by increase or decrease so long as their respective fathers live; hence, that the will comes within that class doctrine which (1) makes it void for remoteness and (2) violates the rule against perpetuities.

The conclusion reached by this Court as to the meaning of the word "grandchildren" in the sense intended by the testatrix is a conclusion which obviates the necessity of considering the rule against perpetuities or that class doctrine which activates such rule. These rules are inapplicable to this will, as the word "grandchildren" is intended by the testatrix to be construed.

Item III of the will directs the corpus of the trust estate to be divided between the testatrix's two sons in the proportions mentioned therein "when the last grand-

child has completed college''. If the testatrix, in the use of the word ''grandchildren'', intended to mean grandchildren born at any time, rather than grandchildren living at her death, then it is impossible for the corpus of this trust estate to ever ''be divided between my two sons'' as she directs. This is because the grandchildren falling within that class can never be determined so long as either of these sons is living.

It matters not how old either of these sons may be when he dies, it must be presumed that such son is capable until death of begetting another child. *Jordan v. Jordan,* 145 Tenn. 378, 413-414, 239 S.W. 423, 433, quoting Blackstone, says: '' 'A possibility of issue is always supposed to exist, in law, unless extinguished by the death of the parties, even though the donees be, each of them, a hundred years old.' '' That opinion, in further discussion of this rule, quotes from another case, *List v. Rodney,* 83 Pa. 483, wherein it is said: '' 'The rule has stood the test of time and received the sanction of ages.' '' It has been recognized repeatedly by this Court, and as recently as *Karsch v. Atkins,* 203 Tenn. 350, 353, 313 S.W.2d 253.

Nor can it be presumed that this testatrix did not know of this rule of law. In *Hearn, Executor, etc. v. Alexander et al.,* 3 Shannon, 224, the Court says that ''we are to presume that the testator was acquainted with the law''. In *Latta v. Brown,* 96 Tenn. 343, 352, 34 S.W. 417, 419, 31 L.R.A. 840, the Court held that ''the law presumes that the execution of the will was with a knowledge of the law by the testator.''

So it is that if it be held that the testatrix in her use of the word ''grandchildren'' intended grandchildren

born after her death, as well as those living at the time of her death, it would follow that the class of grandchildren included in her will could never be determined until the death of each of her two sons, since they must be presumed to be able to beget a child until their deaths.

Such an interpretation of that word in this will would put the testatrix in the very absurd position of making a gift to her sons which she knew neither could ever receive. To state this quite obvious fact is to conclusively reject the contention that the testatrix used the word "grandchildren" with any intention that it include children born after her death to her two sons until the death of each of these two sons. The Court is unwilling to ascribe such contradictory intentions to this testatrix when the will easily permits the word "grandchildren", as used by the testatrix, to mean grandchildren living at the time of her death. And this the Court does so conclude.

Upon reflection, it thinks it will be agreed that this conclusion is inescapable.

At two or more places in the Chancellor's decree, it is adjudged that the will of Mrs. McCarley, in so far as the word "grandchildren" there appearing is intended to include grandchildren born after her death is a void intention, in that it violates the rule against perpetuities, and is too remote.

The decree will be modified so as to exclude such an adjudication as to grandchildren born after the death of the testatrix for the reason, in so far as it is necessary here to state, that it is dictum. The construction placed upon the word "grandchildren" as used in this will has

been adjudged to mean only grandchildren living at the death of the testatrix. Hence, it is immaterial as to what might have been the legal effect of the word "grandchildren" had that word been held within the intentions of the testatrix to include grandchildren born after the death of Mrs. McCarley.

Modified as hereinabove stated, the decree of the Chancellor will be affirmed, and the cause remanded for further proceedings in accordance with that decree and for the purpose of fixing the fees of the two Guardians Ad Litem. All costs, including the fees so adjudged, will be paid out of the assets of the estate of the testatrix.