D. W. MOULTON, Commissioner of Highways,

*v.*

ELIZA DAWSON et al.

384 S.W.2d 233.

(*Nashville,* December Term, 1963.)

Opinion filed October 9, 1964.

Petition for Rehearing Denied December 11, 1964.

W. H. TURNER, Carthage, CECIL SIMS, Nashville, for petitioner Mrs. Lorene Dawson Rowland.

. WILLIAM HAGAN, WILLIAM D. BAIRD, Lebanon, for respondents Mrs. Eliza Dawson and A. J. Dawson.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This appeal presents the question of the proper distribution of funds paid into Court in a condemnation case. The State, acting through its Commissioner of Highways, condemned a strip of land across a farm in Smith County for the Interstate Highway System and paid into Court the sum of $14,072.00 as the appraised damages to the owners of the property taken, pursuant to Chapter 216, Public Acts of 1959. The title to this property passed under Item 3 of the will of S. S. Dawson, which is as follows:

''All the remainder of my estate both real and personal I will, devise and bequeath to my beloved wife, Eliza Dawson, for and during her natural life, or so long as she remains unmarried; but if she should remarry, or upon her death, all said property is to go to my children, share and share alike, and if any of my children should lie leaving children, then such child or children are to take the share their parent would have taken if living.''

On the death of S. S. Dawson he was survived by his widow, Eliza Dawson, and three children, one of whom died without issue on March 8, 1963. The widow and the two surviving children, Jack Dawson and Lorene Dawson Rowland, are the defendants in the case.

After the fund was paid into Court, the widow, Eliza Dawson, and the surviving son, Jack Dawson, filed a petition in the condemnation suit praying that the value of the widow's interest in the fund be determined and paid to her and that the remainder of the fund be paid in equal shares to Jack Dawson and Lorene Dawson Rowland, the children of S. S. Dawson. Mrs. Rowland filed an answer to this petition, denying that under the will of S. S. Dawson his children took a vested remainder and averring that in the event Jack Dawson should die prior to the death of his mother, ''His interest would pass to this respondent, he having no issue.''

The Trial Judge found that by the terms of the will, ''The tract of land involved in this suit is now owned by Eliza Dawson for life or widowhood, vested remainder in A. J. (Jack) Dawson and his sister, Lorene Dawson Rowland.'' He further found that at the time of the trial the widow, Eliza Dawson, was 83 years of age, in poor health and without income. The Trial Court further found

that, after deducting certain delinquent taxes upon the lands, the interest of the widow in the remaining fund amounts to $2,048.64, which amount was ordered paid to her, and the balance of the fund was ordered to be distributed to Jack Dawson and Lorene Dawson Rowland in equal shares.

Mrs. Rowland filed a motion for new trial, which was overruled by the Trial Judge, and perfected her appeal to the Court of Appeals. That Court, in all respects, affirmed the judgment of the Trial Court. Mrs. Rowland duly filed a petition for writ of certiorari, which we have granted, and the case has been argued at the bar of this Court.

The opinion of the Court of Appeals in this case states:

"We have decided the trial judge was correct in holding this remainder to be vested and are of opinion the assignment of error must be overruled. We base this conclusion on the opinion of this court in *Harris v. France,* 33 Tenn. App. 333, 344 [232 S.W.2d 64], and *Karsch v. Atkins,* 203 Tenn. 350, 354 [313 S.W.2d 253]".

Both the Karsch and Harris cases construed instruments which became effective subsequent to the enactment of Chapter 13, Public Acts of 1927, now T.C.A. sec. 32-305.

While the briefs of the parties in the Court of Appeals do not refer to the date of the death of S. S. Dawson, the record shows without contradiction that he died on October 23, 1919.

In *Jennings v. Jennings,* 165 Tenn. 295, 303, 54 S.W.2d 961, 963, this Court held that Chapter 13 of the Public Acts of 1927 "did not undertake to deal with any case where a bequest, devise, conveyance, etc., had already

188

been made. The statute is clearly prospective in its operation." Therefore, this statute which brought about a change in the Tennessee "Class Doctrine" is not applicable to the present case.

The "Class Doctrine" as it existed prior to the 1927 statute has many times been stated as follows:

"Where a bequest is made to a class of persons, subject to fluctuation by increase or diminution of its number in consequence of future births or deaths, and the time of payment or distribution of the fund is fixed at a subsequent period, or on the happening of a future event, the entire interest vests in such persons only as at that time fall within the description of persons constituting such class." *Satterfield v. Mayes,* 30 Tenn. 58, 59; *Burdick v. Gilpin,* 205 Tenn. 94, 105, 325 S.W.2d 547, 552.

The effect of the 1927 Act, now T.C.A. sec. 32-305 was considered by this Court in *Karsch v. Atkins,* 203 Tenn. 350, 313 S.W.2d 253. There the Court, speaking through Mr. Justice, now Chief Justice, Burnett, held:

"By virtue of Section 32-305, T.C.A., where applicable, the rule now is that notwithstanding that the time of payment or distribution of the estate is fixed at a subsequent period, or upon the happening of a future event, the individual members of the class will take vested transmissible interest unless the will, considered as a whole in the light of all the circumstances, manifests a clear intention to the contrary. * * *

"This statute (T.C.A. sec. 32-305) contains in its concluding sentence a recognition that a remainder to a class can be construed as contingent. It seems to us though from the language of this statute that an inten-

tion to make the remainder contingent must be more or less expressly stated. *As we see it the rule should be, in view of this statute,* that the estate will be treated as vested unless the contrary is expressly provided for in the will. This is what the statute says—and we must apply it as it reads." (Emphasis supplied.) 354 and 355 of 203 Tenn., 255 of 313 S.W.2d.

In *Harris v. France,* 33 Tenn.App. 333, 232 S.W.2d 64, the Court of Appeals, with certiorari denied by this Court, used the following language in discussing the effect of the 1927 Act:

"The statute forbids such an implication and the fact that the time of distribution is postponed is reduced to a circumstance to be considered along with the other circumstances and provisions of the will in determining whether there is a clear manifestation of an intention that the entire interest vest in such persons only as fall within the description of the persons constituting the class at the time fixed for payment or distribution of the estate. In other words, by virtue of the statute, where applicable, the rule now is that notwithstanding that the time of payment or distribution of the estate is fixed at a subsequent period, or upon the happening of a future event, the individual members of the class will take vested transmissible interest unless the will, considered as a whole in the light of all the circumstances, manifest a clear intention to the contrary." 346 and 347 of 33 Tenn.App., p. 70 of 232 S.W.2d.

The Karsch and Harris cases clearly enunciate the change in the law brought about by the 1927 Statute. The statement in *Denison v. Jowers,* 192 Tenn. 356, 360, 241 S.W.2d 427, 428, that this Act "did no more than enact a rule which this Court had eagerly followed with-

out the legislation'' is not supported by the later pronouncement of the Court in the Karsch case and has been criticized in textbooks and law reviews.

In Vol. 1, Simes and Smith The Law of Future Interests, 2d Ed.1956, Section 146, Page 150, the authors, in referring to Denison, state:

"The statute was referred to, but was found to do 'no more than enact a rule which this Court had eagerly followed without the legislation.' It seems regrettable that so narrow a meaning was given to the legislation which might have been used as a basis for abandoning a rule which frequently frustrates the intention of the testator, and which is uniformly rejected elsewhere."

See also 22 Tennessee Law Review 943, 956, and 12 Vanderbilt Law Review 1175, 1177 et seq.

The case of *Wilson v. Smith,* 47 Tenn.App. 194, 337 S.W.2d 456, was decided in May 1960, approximately two years after the decision of this Court in *Karsch v. Atkins,* supra. In discussing the meaning of the 1927 Statute, the Court of Appeals, in that case, did not refer to the Karsch case. No petition for certiorari was filed in *Wilson v. Smith,* hence this Court did not review that decision.

While it is true the decision in *Harris v. France,* supra, upon which the opinion of the Court of Appeals in the present case is based in part, is not predicated entirely upon the 1927 Act, the will in that case contained provisions which are not present in the will of S. S. Dawson, which the Court held made the interests of the members of the class several rather than joint. The meaning of the will of S. S. Dawson has not changed since its probate in 1919. Had it been construed at that time, little doubt can exist as to its proper construction.

In *Tate v. Tate,* 126 Tenn. 169, 148 S.W. 1042, the Court construed a will which provided:

"My entire estate, real and personal and mixed, and wherever situate, I give, devise and bequeath to my husband, John T. Hillsman, his heirs and assigns, in fee simple, in trust, nevertheless, to hold the same for his own use, benefit and behoof, during his natural life, and at his death to be equally divided between my children, share and share alike, and in fee, the issue of any child that may have died to represent and take the share of the deceased parent."

In *Tate v. Tate* and in the earlier case of *Sanders v. Byrom,* 112 Tenn. 472, 79 S.W. 1028, the Court reviewed practically all of the earlier cases dealing with the question of the applicability of the "Class Doctrine" and held that the above quoted language of the will involved in the Tate case made that doctrine applicable. In so holding, the Court pointed out:

"The provision for substitutional representation does not render the class notion inoperative. This is apparent from several of our cases in which that doctrine has been held applicable." 180 of 126 Tenn., p. 1045 of 148 S.W.

As authority for this statement, the Court in Tate cites and discusses *Womack v. Smith,* 30 Tenn. 478, *Fulkerson v. Bullard,* 35 Tenn. 260, *Connell v. McKenna,* 2 Tenn. Cas. (Shannon) 190, *Jackson v. Everett,* 3 Tenn.Cas. (Shannon) 811, *Blass v. Helms,* 93 Tenn. 166, 23 S.W. 138, and *Nichols v. Guthrie,* 109 Tenn. 535, 73 S.W. 107. The pertinent provisions of the wills in each of these cases are quoted in the Tate case at 180-182 of 126 Tenn., 148 S.W. 1042.

In *Hobson v. Hobson,* 184 Tenn. 484, 201 S.W.2d 659, the will being construed provided:

"I give and devise to my said wife, for and during her natural life or widowhood, three tracts of land as follows * * * (described land). At her death the same shall be divided between my children then living, and if any of them shall have died leaving a child or children living at her death, then such child or children shall take the parent's share."

The will was probated prior to 1927. The Court there held that every feature of the "Class Doctrine" "is plainly reflected" in the will under consideration. In Hobson the Court quoted with approval from *Fulkerson v. Bullard,* supra, as follows:

"Had the testator intended that the legacy should vest in such of his children as might be living at the time of his death, why insert this last-clause, 'if any of my children should die before the time aforesaid leaving lawful children, said last mentioned children shall take the shares of their parents in said negroes?' "

The language "divided between my children then living" in Hobson more strongly manifests an intention that only those children who survive the life tenant shall take under the will than does the language in the will of S. S. Dawson, however, such language as "then living" does not appear in the will construed in *Tate v. Tate* quoted above, nor is it found in many of the cases discussed in Tate, in which the "Class Doctrine" was applied.

As was stated in *Jordan v. Jordan,* 145 Tenn. 378, 414, 239 S.W. 423, 433:

"Certainly we have in the instant case the three elements essential to the application of the class rule: (1) A class of persons subject to fluctuation by increase or diminution; (2) conveyance to a class; and (3) a time of distribution fixed at a subsequent period."

The Court has in many cases commented upon the difficulty in applying the "Class Doctrine" as it existed prior to the 1927 Act, but has continued to recognize it in applicable cases. In *Burdick v. Gilpin,* 205 Tenn. 94, 104, 325 S.W.2d 547, 552, the Court stated:

"From the many and varied reported decisions, it appears that the 'Class Doctrine Rule' has presented quite a problem to the Courts of this State since it was first announced. * * * Nevertheless, the Rule, though announced more than 100 years ago, is still recognized and applied."

In Burdick the "Class Doctrine" was held to be applicable to a will which was probated in 1907.

After reviewing the many Tennessee cases dealing with the "Class Doctrine" as it existed in Tennessee prior to the 1927 Act, we can only conclude that the provisions of the will of S. S. Dawson make that rule of construction applicable and the remainder interest in this property is vested in "the described class, as a class, and not individually in the persons composing such class". *Satterfield v. Mayes,* 30 Tenn. at 60. Therefore, the devisees of the remainder under the will of S. S. Dawson are to be determined as of the date of the death or remarriage of the widow and Jack Dawson and Mrs. Rowland are not entitled to have the balance of the fund held in Court distributed to them at this time.

The decree of the Court of Appeals is reversed and the cause is remanded to the Trial Court for further proceedings not inconsistent with this opinion.

### On Petition to Rehear

Eliza Dawson and Jack Dawson have filed a petition to rehear in which a number of cases dealing with the "Class Doctrine" are reviewed. We fully considered all of these cases before preparing our original opinion. After again studying these authorities, we are satisfied that our original opinion correctly states the law applicable to the will of S. S. Dawson. The petition to rehear is denied.